## ALLEY v. BAY, *et al.*

1. CONVEYANCE OF THE HOMESTEAD. The conveyance of a homestead is of *no validity* unless the husband and wife (if the owner is a married man) concur in and sign the conveyance.

2. SAME: MORTGAGE. A junior mortgage on a homestead, executed by the husband and wife, will prevail over a senior mortgage executed by the husband alone.

3. HOMESTEAD: HOW ASCERTAINED. The property occupied by the parties will be regarded and treated as the homestead when both fail to select the property they wish to have set apart as such.

4. FORECLOSURE: DEFENSE. In an action to foreclose a senior mortgage, executed by the husband, an answer by a junior mortgagee, alleging that the mortgage property was the homestead of the mortgagor when the mortgage was executed, and that the wife did not join in the execution of the same, constitutes a good defense to the action, even when the mortgagor makes no defense.

*Appeal from Johnson District Court.*

MONDAY OCTOBER 31.

Bay executed to Alley a mortgage on a lot in Iowa City, in which mortgage his wife did not join. Afterward, in 1856, he, with his wife, executed another to the assignor of Luther Dickey. After this, in 1858, Alley filed his bill to foreclose, making the wife a party, "that she may show cause, if any, why the petitioner should not have the relief sought." Bay and wife made no defense, and she showed no cause against the petition. Dickey & Morrison filed a motion to be made defendants, and were permitted, when they made answer showing the mortgage made to Dickey's assignor, that he had brought his bill for a foreclosure, that this had been decreed, and that the lot had been sold under it, and purchased by Dickey & Morrison. They further aver that the lot mortgaged was the homestead of Bay, that he was a married man and the head of a family, and that his wife did not join in the mortgage to the petitioner. Upon these facts they claim that the deed to Alley was invalid, of no force, and that that to Dickey takes precedence. The

petitioner demurred, and his position was sustained by the court, and a decree was rendered in his favor. From this, Dickey & Morrison appeal.

*Clark & Henley,* for the appellants.

*Hampton,* and *Clark & Bro.,* for the appellee.

WOODWARD, J.—The answer alleges all the qualities and circumstances requisite to constitute the lot a homestead, and that Bay and his family occupies it, and that it is his homestead. The statute, Code, section 1247, enacts that a conveyance by the owner *is of no validity* unless the husband and wife (if the owner is a married man) concur in and sign such conveyance. The principal argument against the position of the respondents, is the fact that neither Bay nor his wife claim or ask for the homestead. But section 1254 provides that, in case of the failure of both these to select the homestead, the officer having an execution shall cause it to be marked, platted and recorded. If they have another place which they prefer as a homestead, they must do some act to cause this to be elected, otherwise that which they occupy at the time will be treated as such.

Besides stating the circumstances going to constitute a homestead, and averring them to exist in this case, the answer alleges that this is the homestead of Bay, and the demurrer admits it. The statute says the conveyance of one without the concurrence of the other, shall be of no validity. If it had said that it should not be valid against the husband or wife, or their heirs, there would have been more support for the plaintiff's position. The position of defendant is supported by *Richards* v. *Chace,* 2 Gray 383; *Williams* v. *Starr,* 5 Wis. 534; and *Jenny* v. *Gray,* 5 Ohio State R. 45.

It appears to us more consistent with the terms and object of the statute to hold the conveyance from Bay to Alley as actually invalid. Therefore the decree of the District Court is reversed, with leave to the petetitioner to answer over.