## FALLIHEE v. WITTMAYER *et al.*

Comp. Laws, Secs. 5126, 5127, before the amendment of 1890, provided that there should be absolutely exempt from forced sale (7) "the homestead as created, defined and limited by law." Sec. 2452 provided that the homestead should be subject to mechanics' liens. Laws 1890, Chap. 86, amending Sec. 5127, substituted for Subdivision 7 a statement of what should constitute a homestead, and made no exceptions to its exemption. *Held*, in view of the fact that in 1893 the legislature submitted to popu-

lar vote a proposition to subject homesteads to mechanics' liens, which was rejected, that the homestead defined by Laws 1890, Chap. 86, was not subject to such liens.

(Opinion filed March. 17, 1897.)

Appeal from circuit court, McPherson county.    Hon. L. E. GAFFY, Judge.

Action by John W. Fallihee against John Wittmayer and Magdalena Wittmayer. From so much of a judgment as cancels a mechanics' lien claimed by plaintiff, he appeals. Affirmed.

*John E. Carland* and *James M. Brown*, for appellant.

*Albert Gunderson, C. H. Barron* and *G. K. Tiffiny*, for respondent Magdalena Wittmayer.

The facts are stated in the opinion.

CORSON, P. J.    This is an action to enforce a mechanics' lien. The defendant Magdalena Wittmeyer filed a separate answer, in which she avers: "That at the times mentioned in said complaint she was the wife of the defendant John Wittmayer, and that she and her said husband, with their family, resided upon the lands mentioned in said complaint, and occupied a house on said land, and that the same was their homestead, and they have continued to occupy said lands; that she and her children still reside thereon; that said homestead consists of one lot, not exceeding one acre, within the city of Eureka; and that the value of said homestead is not to exceed one thousand dollars." She also alleged that said lien was a cloud upon the title to said premises, and prayed for judgment against the plaintiff, and that the lien filed be set aside and canceled. John Wittmayer filed a separate and similar answer. The court found the facts as stated in the answers, and concluded, as matter of law, that the homestead was exempt from forced sale, and that the lien filed was void and should be canceled. Judgment was thereupon rendered in favor of the defendants, setting aside and canceling the lien. Subsequently this judgment was modified by rendering a personal judgment

in favor of the plaintiff and against John Wittmayer, the principal defendant, for the amount of the plaintiff's claim. The plaintiff appeals from that portion of the judgment adjudging void and of no effect the plaintiff's lien upon the premises, and adjudging costs to the defendant Magdalena Wittmayer.

The only question raised by the record is: Can a mechanic's lien be established and enforced against the owners of a homestead in this state when all the requirements of the mechanic's lien law have been complied with? The question must be determined by the constitution and the laws in force upon the subject of homestead and exemptions, and the construction to be given these laws. The homestead law and the exemption law, as they existed at the time the constitution to the state was adopted, were in force prior to 1877, and are found in the Code of 1877 and the Comp. Laws of 1887. Sec. 2449, Comp. Laws, provides that the homestead "shall be exempt from judicial sale, from judgment lien, and from all mesne and final process issued from any court." But by Sec. 2452 it is provided that the homestead shall be liable for taxes, "and shall be subject to mechanics' liens,   *   *   *   and the whole or a sufficient portion thereof may be sold to pay the same." Sec. 5126, in the general exemption law, reads as follows: "Except as hereinafter provided the property mentioned under this heading is exempt from attachment or mesne process, and from levy and sale on execution, and from any other final process issued from any court." Sec. 5127 provides, "The property mentioned in this section is absolutely exempt from all such process, levy or sale:   *   *   *   (7) The homestead as created, defined and limited by law." Prior to the amendment of 1890, no apparent conflict existed between the provisions of the homestead law and the exemption law, as the only homestead exempt was that "created, defined and limited by law." The homestead as thus defined and limited was subject to mechanics' liens. In 1890, the legislature, in obedience to the requirements of Sec. 4 of Art. 21 of the state constitution, amended Sec.

5127 of the exemption laws, by substituting for Subd. 7, above quoted, the following: "To all heads of families, a homestead containing not to exceed 160 acres of land, with the improvements thereon, which land and improvements thereon shall not exceed $5,C00.00 in value; or a house and lot in any town or city not exceeding one acre of ground, which lot or lots and improvements shall not exceed $5,000.00 in value, to be selected by the debtor or his agent or attorney." Laws 1890, Chap. 86.

The respondents insist that this change in the exemption law has necessarily repealed the provision referred to in the homestead law, and this was evidently the view adopted by the learned trial judge. The appellant, however, insists, that the amendment of 1890 did not have the effect of repealing the section in the homestead law making the homestead liable for mechanics' liens, as there is no such repugnancy between the old law and the amendment as to constitute a repeal of the former law. We are of the opinion that the position of the appellant is not tenable. It will be noticed that the language of the exemption law is very broad and comprehensive. Sec. 5126, before referred to, provides: "Except as hereinafter provided, the property mentioned under this heading [Exemptions] is exempt," etc. Sec. 5127 provides that the property therein mentioned is "absolutely exempt." The legislature by the amendment of 1890, defines and limits the homestead, and makes no exception or reference to the old homestead law. It does not seem, therefore, that the law as amended in 1890 can be held to except mechanics' liens, unless the court interpolates into the section an exception of these liens. This the court cannot do in a case like the one before us. There is nothing in the language of the act of 1890 indicating any intention on the part of the legislature to make such an exception. On the contrary the intention of the lawmaking power to deprive mechanics and material men of their liens against the homestead seems quite apparent, not only from the entire change of the language used, but from the fact that that body itself created, de-

fined and limited the homestead, and in unambiguous terms provided that the homestead should be absolutely exempt from all sales.

The respondent's counsel have called our attention to a fact throwing considerable light upon the view taken of the law by the legislative department of the government, namely, that the legislature in 1893 submitted to the people an amendment to Sec. 4 of Art. 21 of the state constitution, by which mechanics' liens could be enforced against the homestead, but which proposed amendment was defeated by the vote of the people. While this action of the legislature and the people would not be conclusive upon this court as to the construction to be given the amendment of 1890, it is, nevertheless, entitled to great weight in construing that amendment.

It is suggested by counsel for appellant that, if the court holds that the section of the homestead law making the homestead subject to mechanics' liens is repealed by the amendment of 1890, that part of the section subjecting the homestead to taxation would also be repealed. The power to tax the homestead is clearly given by other provisions of law. Comp. Laws, Sec. 1549; Laws 1891, Chap. 14, Sec. 2. Our conclusion is that the portion of the judgment appealed from should be affirmed, and it is so ordered.