MORGAN *et al.* v. BEUTHEIN *et al.*

1. A homestead is exempt from sale for a mechanic's lien.

2. The grantee of a homestead holds the same free from any mechanic's
   lien for materials furnished to and used thereon by grantor.

(Opinion filed May 17, 1898.)

Appeal from circuit court, Hutchinson county.   Hon. E. G.
SMITH, Judge.

Action to foreclose a mechanic's lien.   Defendants had
judgment and plaintiffs appeal.   Affirmed.

The facts are stated in the opinion.

*W. J. Hooper*, for appellants.

*M. T. Halphide*, for respondents.

CORSON, P. J.   This is an action to foreclose a lien for
material furnished for the erection of buildings on property
claimed and occupied as a homestead.   Judgment for the de-
fendants and the plaintiffs appealed.

The defendant Beuthein filed a separate answer, alleging
that the lumber and material for which the plaintiffs sought to
enforce a lien were furnished to his co-defendant, Lamaack,
who was the head of a family, and who claimed, and with his
family occupied, the premises as a homestead; that the home-

stead did not embrace to exceed 160 acres in extent, and did not exceed in value $5,000; and that subsequently the said Lamaack sold and conveyed said premises to this defendant. Beuthein demanded judgment that the action be dismissed as to him, and that said claim be declared not to be a lien upon said premises. To this answer the plaintiffs interposed a demurrer upon the ground that the answer did not state facts sufficient to constitute a defense. The demurrer was overruled, and, the plaintiffs electing to stand on their demurrer, judgment was rendered for Beuthein, dismissing the action as to him. Lamaack did not appear in the action. The only error assigned is that the court erred in overruling the demurrer.

The plaintiffs contend that the answer was insufficient by reason of the omission of certain technical averments, but this contention is without merit, and we are clearly of the opinion that the answer is sufficient in form. This court held, in Fallihee v. Wittmayer, 9 S. D. 479, 70 N. W. 642, that the homestead is exempt from sale for a mechanic's lien. The learned counsel for plaintiffs challenges the correctness of this decision, but, upon review of that question, we are fully satisfied with the decision, and we do not deem it necessary to further consider that question.

This case presents the further question as to whether or not the grantee of the owner of the homestead holds the property free of any lien for the material so furnished, and used by the owner of the homestead. We are clearly of the opinion that, being exempt while owned and occupied as a homestead by the party ordering the material, it is equally exempt after the sale of the homestead. The decisions are irreconcilably in conflict upon this question, but they depend so largely upon the statutes of the states in which they are made that any attempt to review them would be useless labor.

The plaintiffs contend that the homestead is a personal privilege that continues only so long as the property is used and occupied as a homestead, and that when the party disposes .

of his homestead the lien may be enforced. We cannot concur in this view. The whole theory upon which such an exemption of the homestead is based is opposed to this contention. The manifest object and purpose of the homestead law and its exemption from forced sale is to secure to the family of an improvident debtor a home, and to secure to such debtor and his family, not only the homestead, but the proceeds of the sale of such homestead, for reinvestment in another, as the business and circumstances of the debtor may require. To this end the legislature has made the homestead, as defined and limited by it, absolutely exempt from forced sale, and carefully guarded the right of the debtor when the homestead is of greater value than $5,000, by providing that that sum shall be paid him in case the value exceeds that amount, and exempts such proceeds for a period of one year, to enable him to reinvest it in another homestead. Laws 1890, Chap. 86. The legislature has also carefully provided that the homestead, in case of the death of the husband or wife, shall be set apart to the survivor, and, in case of both, then for the children. Comp. Laws, § 5778. The statute provides that no judgment shall be a lien upon the homestead. Id. § 5104. It also provides that the homestead shall be held exempt for any antecedent debt of the parent. Id. § 2464. It would seem, therefore, that the legislature intended that not only the homestead, while occupied and used as such, should be exempt, but that it shall remain exempt in the possession of the grantee. Black v. Epperson, 40 Tex. 187; Green v. Marks, 25 Ill. 221; Alley v. Bay, 9 Iowa, 509; Morris v. Ward, 5 Kan. 239; Thomp. Homest. & Ex. § 455. In that section Mr. Thompson says: "The general rule, however, is that a debtor may * * * sell his homestead, and deliver possession to his alienee, without subjecting it to his general debts, or to any lien not made specific by valid contract."

Appellant's contend that in the mechanic's lien law there is no exemption of a homestead, and the mechanic or material man is given a lien upon the land and improvements of the

debtor. This is true, but the various sections of the statute must be construed together, and the exemption law of 1890 was enacted subsequently to the mechanic's lien law, and must prevail when there is any conflict in the provisions of the law. When the mechanic's lien law was enacted, there was no conflict between the provisions of that law and the exemption law, as the homestead at that time was subject to mechanic's liens. The adoption of the state constitution, and the law of 1890, enacted to carry its provisions into effect, effected a radical change in the law. Fallihee v. Wittmayer, *supra*. Our conclusion is that the property in the possession of the grantee remains exempt, and that the court ruled correctly in overruling the demurrer. The judgment of the circuit court is affirmed.