## L. LAMB LUMBER CO. v. ROBERTS et al.

Where one contracting to purchase two city lots on which a dwelling stood lived with his family on the premises, it would be presumed that the same was his homestead, in the absence of proof that he had or claimed another homestead at that time.

Under Code Civ. Proc. § 345, relating to exemptions, a homestead is not subject to the mechanics's lien law.

One selling building materials to a purchaser in possession of real estate under a contract for its purchase cannot acquire any lien on the same as against the fee owner, and can only enforce a lien as against the purchaser's equity, where no new building of any material value was erected on the premises.

(Opinion filed, May 7, 1909.)

Appeal from Circuit Court, Spink County. Hon. CHAS. S. WHITING, Judge.

Action by the L. Lamb Lumber Company against Elwood B. Roberts and another. From a judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Sterling & Clark,* for appellant. *N. P. Bromley,* for respondents.

CORSON, J. This was an action to foreclose a mechanic's lien. Findings and judgment being in favor of the defendants, the plaintiff has appealed.

It is disclosed by the record that one Switzer was the owner of two lots, and a dwelling house thereon, in the city of Redfield; that he contracted to sell the same to Elwood B. Roberts, who entered into possession of the premises, and resided thereon for a time with his family; that during the time he was in the possession of the property under his contract he purchased and procured from the plaintiff, lumber to the value of about $478, which he used in repairing and making improvements on said dwelling house, and one or two small buildings connected therewith; that failing to make the payments for the property in accordance with the terms of his contract, the contract was foreclosed by Switzer, and the property sold thereunder, and subsequently became the property of the defendant Nelson P. Bromley, and that thereafter Switzer executed a deed to the said Bromley for the property; that after these proceedings were had, the plaintiff instituted this action to foreclose his mechanic's lien upon the said premises, resulting in a decision in favor of the defendant Bromley.

The court, among other things, finds that on the 27th day of December, 1902, there was standing and situated upon the said lots a dwelling house, which constituted a part of the premises in controversy in this action, and the said Roberts was living with his wife and certain of his children in said house, and continued to live in the same with his family until March 2, 1905; that said Roberts had no other place of residence during said time other than the premises in controversy; that some time after Roberts made said contract with said Switzer and after he had moved his

family into the dwelling house, and while he was occupying said premises as his homestead, he purchased material consisting of lumber, doors, windows, etc., to be used in improving said dwelling house, on which there was a balance due of $478, for which the plaintiff had not received pay, and for which the said Roberts was justly indebted, and that the plaintiff, on December 21, 1903, filed a mechanic's lien for said material, and on the 27th day of March, 1905, brought this action to foreclose the same; that the said Switzer had no part in the purchase of said material of said plaintiff, and in no manner consented to said purchase or acquiesced in the same; that after the said improvements had been made, and after the mechanic's lien had been filed, the said Switzer conveyed the said premises to the defendant Bromley, under warranty deed expressly excepting taxes and mechanics' liens from the said covenants of warranty; that the defendant Roberts made default in the terms of payment under his contract, and that subsequent to the contract, and subsequent to the making of the improvements upon the real premises, and subsequent to the filing of the mechanic's lien against said premises, the said Switzer brought his action in the circuit court, and obtained a judgment and decree foreclosing said Roberts from all his equity, right, and interest in and to the said real premises, and that Roberts failed to redeem said premises within the time allowed by law therefor; that the plaintiff was not made a party to said action, and was not served with process therein; and did not appear therein; that no deed of conveyance to the said premises was ever given by Roberts to Bromley, nor by Roberts to Switzer, but that the title of defendant Bromley is based wholly on the foreclosure proceedings instituted by Switzer, and by deed from the said Switzer after said foreclosure proceedings. From the above findings of fact, and others not necessary to be set out in this opinion, the court concludes that defendant Bromley is the owner in fee simple of said premises, and that said premises are free and clear from the lien of plaintiff, therein sought to be foreclosed, and that plaintiff has no right, interest, or lien upon said premises, or any part thereof; that the lien that plaintiff seeks to foreclose in this case is null

and void, and never had any legal force, because it was filed for the purpose of making it a lien upon said premises, which was the homestead of said Roberts at the time said lien was filed, and that the defendant Bromley is entitled to judgment and decree canceling said lien, and judgment for costs against the plaintiff.

It is contended by the appellant that, as the materials were furnished and used during the occupancy of the premises by Roberts subsequent to his entry under the contract for sale, and prior to the foreclosure of the Switzer contract, the plaintiff had a valid lien as against the property, as the material was used for the repairing and improvement of the dwelling house and the other small buildings situated on the premises in question; that the plaintiff is not affected by the foreclosure proceedings of Switzer against Roberts, as he was not made a party or served with process in that action. It is further contended that defendant Bromley took no title to the property in question through Roberts, but he only acquired the interests of Switzer through the decree of foreclosure. It is further contended that Roberts did not answer in this case, and that the answer served by defendant Bromley was unauthorized by Roberts, that Roberts personally made no claim of homestead right in the premises against this lien, and that the homestead right is a personal right, which is not available to Bromley by reason of the foreclosure proceedings against Roberts. It is further contended that Switzer was cognizant of the fact that Roberts was making these improvements on the premises, and allowed them to be made without objection. The plaintiff further contends that its lien is the first lien upon the building situated on the lots, and this lien is superior to the lien of Switzer, upon which is based the judgment of foreclosure under which Bromley claims his title. It is further contended that the evidence did not warrant the court's finding that the premises were being occupied as a homestead by Roberts at the time the contract for the lumber was entered into and the material furnished for the improvements upon the property. But we are of the opinion that this finding was not only sustained by the evidence, but by the admission in the record as follows: "It is admitted that the defendant Roberts was living on the premises in question with his family at the time of

the making of the improvements for which this lumber was purchased"—and it will be presumed that it was his homestead in the absence of proof that he had, or claimed, another homestead at that time; and, if his homestead, it was not subject to the mechanic's lien law.   Section 345, Code Civ. Proc.; Fallihee v. Wittmayer et al., 9 S. D. 479, 70 N. W. 642.   The court was clearly right, therefore, in its conclusion of law that plaintiff's claim for material furnished to Roberts for the improvements upon said premises while he was in the possession of the same, and occupied the same with his family as a homestead, was invalid, and could not be enforced against the property.   We are also of the opinion that the court was right in its conclusions of law for the reason that, as Roberts held the property under a contract for its purchase only, the plaintiff could not acquire any lien upon the same as against the fee owner, Switzer, and could only force its lien as against Roberts' equity in his contract with Switzer, as no new building of any material value was shown to have been erected upon the premises.   Pinkerton v. Le Beau, 3 S. D. 440, 54 N. W. 97.

Our conclusion, therefore, is that the court committed no error in entering judgment in favor of the defendant Bromley, and denying plaintiff's motion for a new trial.

The judgment and order denying a new trial are affirmed.

WHITING, J., takes no part in the decision.