SMITH, Respondent, v. ALLMENDINGER et al
(NELSON, Appellant).

(169 N. W. 512).

(File No. 4329. Opinion filed Nov. 29, 1918).

(1). **Homesteads—Constructing House for Sale, Effect re Homestead—Representatives re Sale, Effect.**

That the owner of a homestead consisting of a house and town lot, represented to material-men that material sold him would be used to construct another house on the lot for sale, and that he would sell same as soon as completed and pay for the materials out of the proceeds, and that the material was furnished for that purpose only, did not divest the realty of its homestead character, this unless the said intent of the owner and his wife had changed thereafter and before the material was furnished.

**(2).   Same—Intent That it Be a Homestead, as Basis—Estoppel.**

Homsteads rest upon intent, not upon representations. Proof of representations may show intent, but if intent remains the same and it be that the property be a homestead, no representations, however false, and even though indulged in by both husband and wife, will change the homestead quality, though it may estop those making the representations from claiming the homestead right.

**(3).   Same—Another Dwelling Constructed for Sale, Lien Claimants, Statute Of—Conveyance to Third Party, Latter's Rights.**

Where owner of a house and lot constituting a family homestead, purchased material for construction thereon of another house which he represented to material-men would be constructed for the purpose of sale, and that he would sell same with the lot after completion thereof, and pay for the material from the proceeds; he and his family having removed from a small dwelling house in which they had been residing on the rear of the lot, into the new house after the basement was constructed; the property having thereafter been conveyed to one who conveyed to defendant, after which mechanics liens were filed; held, that the property at all times until the sale was a homestead; there having been no further, and no evidence upon which a judgment creditor could claim the right to issue execution against it, and no evidence, other than said representations, that the husband and wife intended to erect the new building for other than homestead purposes.

**(4).   Same—Construction of House for Sale, Representations Re, Effect as to Material—Men.**

Mere representations by the owner of a homestead, to material-men, that materials purchased were for construction of a house upon the homestead lot for sale, and that when completed the house and lot would be sold and the material paid for out of proceeds, does not constitute an estoppel to claim the property as a homestead, as between the owner and the material-men; but there must be proof that the material-men relied upon the representations and put himself in a position he would not have assumed had it not been for such false representations.

**(5).   Same—Husband's Representations re Construction of House for Sale, Effect re Wife, as to Lienors—Intent, Necessity of Finding Re.**

Where the law is such that husband is without power to convey homestead without his wife joining in a conveyance, mechanics lien against homestead cannot be based upon any claim of estoppel, when such claim rests solely upon false statements made by the husband and which are not chargeable to the

wife. So **held**, where husband alone made such representations, it not appearing that wife at any time intended the new house should not be part of the homestead; that the new house became part of the homestead, even though the husband was estopped from asserting that he intended it should be sold; and trial court should have found the intent of both husband and wife, in order to exclude either from asserting that the property remained their home-stead; which rule applies as well against a purchaser of the property after the new building was constructed.

**(6). Mechanics Liens—Filing Untrue Account as Basis, Effect.**

Plaintiff material-men, who filed an untrue account as a basis for their claimed lien, cannot recover on such claim.

Gates, J., dissenting.

Appeal from Circuit Court, Minnehaha County. Hon. Joseph W. Jones, Judge.

Action by E. L. Smith, doing business as the Sioux Falls Warehouse Company, against H. P. Allmendinger and others, to foreclose a mechanics lien. From a judgment in favor of plaintiffs, and from an order denying a new trial, defendant Isabel Nelson, appeals. Reversed.

*Parliman & Parliman,* for Appellant.

*Muller & Conway,* for Respondents.

(2) To point two of the opinion, Appellant cited:

Farmers State Bank v. Farmer (Tex.), 157 S. W. 283; Waples on Homestead, p. 191; Riggs v. Sterling (Mich.) 1 A. S. R. 554; First National Bank v. Bruce (Cal.), 29 Pac. 488; 21 Cyc. 552; 116-13; R. C. L.

(3) To point three, Respondent cited:

Betcher Co. v. Cleveland, (S. D.) 83 N. W. 366; In re Wright, 3 Bissell 359.

(5) To point five, Respondent cited:

Clark v. Evans, 6 S. D. 244.

(6) To point six, Appellant cited:

Bohn Mfg. Company v. Keena et al, 15 S. D. 380-381; Lyons v. Jaruberg, (Mich.), 150 N. W. 1083.

WHITING, P. J. Defendant A. had, with his wife and family, occupied, under a contract of purchase, a small frame dwelling upon one platted lot in the city of Sioux Falls since October, 1915, when in May, 1916, and from that date until July, 1916, plaintiff furnished material for, and which went into, a new

dwelling on said lot. The small dwelling was moved back to the east end of the lot and A. and family continued to reside in it until the basement of the new house was constructed, when they moved therein. The new house was not a part of the old dwelling. Defendants Jordan and Sioux Falls Paint & Glass Company, also furnished building material that went into the new dwelling. On July 15, 1916, A. acquired the fee title to the lot, and on August 10, 1916, he and his wife conveyed the premises to defendant Nelson. Later and within 90 days from the furnishing of the last item in their respective accounts, plaintiff and the defendants Jordan and the Sioux Falls Paint & Glass Company, filed mechanics' liens upon the premises, in pursuance to section 7, c. 263, Laws 1913. This action was brought to foreclose the plaintiff's lien. The trial court entered judgment adjudging the foreclosure of all the liens and the sale of the premises in enforcement of the same. Therefrom, and from an order denying a new trial, defendant Nelson appeals.

[1] Respondents contend that this property never possessed the homestead character; but there is absolutely no merit in such contention. It is perfectly clear that the use and occupation of the premises by A. and family, prior to the time of the construction of the new dwelling, was such as to impress upon it the homestead character. The sole questions before us are: (a) Did this property become divested of its homestead character prior to purchase by appellant? (b) If it did not become divested of its homestead character, did respondents gain superior rights under their liens over the rights of appellant as purchaser, because of estoppel against appellant's grantors?

The trial court found:

"That at the time the defendant Allmendinger purchased said material from plaintiff, he stated and represented to the plaintiff and defendants that he would use the material so purchased to construct a house on said lots for sale, and that he would sell the same and pay for the materials; that he was contracting the construction of houses and that he would sell and dispose of this house as soon as completed; that plaintiff believed the defendant Allmendinger intended to use said material for the construction of a house for sale, and delivered the material for that purpose only; that the defendant Allmendinger did not construct said house for

a homestead, and did not at any time intend to use or occupy said house and premises as a homestead, but did build said house intending to sell the same with the lot, immediately upon the completion of said house; that during the process of constructing said house he repeatedly offered the same with the lot for sale, and before it was completed sold the same to the defendant Isabel Nelson."

[2, 3] We are of the view that the judgment of the trial court must be sustained, if sustained at all, solely upon the ground of estoppel as this property never lost its homestead character. It remained a homestead just as much after these representations were made by A. as before, unless the *intent* of A. and his wife had changed; the only effect that could be claimed for any such representation being that it estopped A. from claiming the existence of a homestead. There is one proposition we must not lose sight of. Homesteads rest upon intent, *not upon representations.* Proof of representations may show the intent, but if intent remains the same, and the intent be that the property be a homestead, no representation, howsoever false, and even though indulged in by both husband and wife, will ever change the homestead quality, though it may estop those making the representations from claiming the homestead right. Clark v. Evans, 6 S. D. at page 244, 60 N. W. 862. The trial court never found that either A. or his wife ever intended to abandon their homestead right in this property. That this property at all times until sale was the homestead of A. and wife is clear. There was no finding—in fact there was no evidence—under which a judgment creditor could claim the right to issue execution and sell this property. Of course if there was evidence under which the trial court would have been justified in finding, and upon which it had found, that, although this property had been the homestead of A. and wife, yet it had lost its homestead character from the fact that both A. and wife had intended to erect the new building for other than homestead purposes the whole case would be changed. If there had been such proof, then the building with at least that part of the lot on which it stood would have ceased to have been a homestead and would have been subject to the liens, not only of plaintiff, but of other lien claimants including judgment creditors; and this entirely regardless of whether any representation had been

made to such lien claimants—there would be no need of estopel upon which to base the right of the lien claimants.

[4, 5] Can the judgment of the trial court be sustained on the ground that appellant's grantors were estopped to claim their homestead right in this property? Such estoppel must be based upon the representations which the trial court found were made by A. As regards the respondents other than plaintiff it is sufficient answer to the above question to call attention to the fact that there is neither evidence nor finding that any representations were ever made to them. There are two reasons why plaintiff cannot claim any rights through estoppel. Estoppel cannot be relied upon except upon proof, by the party claiming the estoppel, that he relied upon the representations and put himself in a position that he would not have assumed if it had not been for such false representations.

[6] There is not one syllable of evidence to the effect that plaintiff relied upon the representations alleged to have been made by A. For all the evidence discloses, plaintiff would have sold A. the material if A. had made no such representations as plaintiff claims he made. Furthermore, it is not claimed that A.'s wife made any false representations, or did anything whatever that could work an estoppel against her. It is clear that where the law is such that the husband is without power to convey the homestead without his wife joins in the conveyance, no lien against a homestead can be based upon any claim of estoppel when such claim rests solely upon false statements made by one spouse, but which statements are not chargeable to the other spouse. It follows that, inasmuch as this tract of land was the homestead of A. and wife at the time this material was contracted for, if the wife intended this new house to be her home, it became a part of such homestead, even though A. made representations which would estop him from asserting that he intended the new house to be the home of himself and family. The trial court should have found the intent of both A. and his wife. Jensen v. Grifin, 32 S. D. 613, 144 N. W. 119, 50 L. R. A. (N. S.) 1128; Id., 168 N. W. 764. If it found either one intended this new building to be the family home, then it should have rendered judgment for appellant, unless it further found that both A. and his wife had estopped themselves

from claiming it was their intent to erect such building for their home.

[7] We would also call attention to the fact that under no circumstances can plaintiff recover on the lien filed by him. The evidence discloses that he knowingly filed an untrue account as a basis for his claimed lien. Bohn Mfg. Co. v. Keenan, 15 S. D. 377, 89 N. W. 1009.

The judgment and order appealed from are reversed.

GATES, J. (concurring specially). I agree with my Colleague that the evidence was insufficient to sustain a finding that the wife of A. should be estopped from claiming the homestead right in the lot and the old building. I do, however, believe that the evidence was sufficient to estop both A. and his wife from asserting a homestead interest in the new building. I therefore think the decree of the trial court should have adjudged the sale of the new dwelling and its removal from the premises in accordance with the provisions of section 15, c. 263, Laws 1913. Jones on Liens (3d Ed.) § 1373; Rockel, Mech. Liens, § 138; Pinkerton v. Le Beau, 3 S. D. 440, 54 N. W. 97; Lamb Lbr. Co. v. Roberts, 23 S. D. 191, 121 N. W. 93; Estabrook v. Riley, 81 Iowa, 479, 46 N. W. 1072, 10 L. R. A. 33; Mahon v. Surerus, 9 N. D. 57, 81 N. W. 64; Gull River Lbr. Co. v. Briggs, 9 N. D. 485;, 84 N. W. 349; note, 62 L. R. A. 369; note, 10 L. R. A. 33; note, 2 Ann. Cas. 689.

I dissent from the portion of the opinion which asserts that plaintiff knowingly filed an untrue account as a basis for his lien.