ROBERT BURNS LUMBER COMPANY, Respondent, v.

PETERSON et al, Appellants.

(202 N. W. 387.)

(File No. 5323.   Opinion filed February 16, 1925.)

**Mechanics' Liens—Homestead—Mechanic's Lien Could Not Be Filed Against Homestead.**

Under Comp. Laws 1887, Sec. 5127, subd. 7, as amended by Laws 1890, c. 86, prior to taking effect of Laws 1921, c. 280, amending Rev. Code 1919, Sec. 1644, mechanic's lien could not be filed against homestead.

Appeal from Circuit Court, Davison County; Hon. FRANK B. SMITH, Judge.

Action by the Robert Burns Lumber Company against H. A. Peterson and another. Judgment for plaintiff, and defendants appeal. Affirmed in part, and reversed in part.

*H. G. Giddings,* of Mitchell, for Appellants.

*T. J. Spangler,* of Mitchell, for Respondent.

Appellant cited: Hansen v. Hansen, 40 S. D. 114, 116 N. W. 427.

DILLON, J. This is an action to enforce a mechanic's lien. The defendants are husband and wife, residing on lot 5, block 7, in Mitchell, this state, which constitutes their homestead. The trial court rendered judgment against the defendants for $704.07 for material used in the building, with interest at 7 per cent from April 7, 1920, and decreed that plaintiff's claim for such material be established as to the excess in value of said premises above the sum of $5,000; that execution issue; and that said premises be sold and such excess be applied in payment of the judgment and costs; that $5,000, and all that remains of such excess after paying the judgment and costs, be turned over to the defendants.

Appellants' position is that no lien can be established on any part of the homestead, even where the value exceeds the sum of $5,000, and that the statute does not allow the filing of such lien. We think appellants' position must be sustained.

Section 4, c. 38, R. C. 1887, reads as follows:

"The homestead shall be liable for taxes accruing thereon, and if certified and recorded as hereinafter directed, shall be liable only for such taxes, and shall be subject to mechanic's lien for work, labor, or material, done or furnished exclusively for the improvement of the same, and the whole or a sufficient portion thereof may be sold to pay the same."

In 1890, the Legislature, in obedience to the requirements of section 4, art. 21, of the state Constitution, amended section 5127, C. L. 1887, by substituting for subdivision 7 the following:

"To all heads of families, a homestead containing not to exceed 160 acres of land, with the improvements thereon, which land and improvements thereon shall not exceed $5,000 in value; or a house and lot or lots in any town or city, not exceeding one acre of ground, which lot or lots and improvements shall not exceed $5,000 in value, to be selected by the debtor or his agent or attorney." Laws 1890, c. 86.

There is nothing in the language of the act of 1890 indicating any intention of the part of the Legislature to make any exception

in the exemption law; but, on the contrary, the intention is clearly expressed that the materialmen are to be deprived of any lien against such homestead. The transactions in this case arose prior to the taking effect of chapter 280, Laws 1921, which amended the last sentence of section 1644, Rev. Code 1919, so as to read as follows:

"It shall not extend to nor affect any rights in any homestead so far as the same is exempt from levy and sale on execution."

We express no opinion as to the effect of that amendment.

In Fallihee v. Wittmayer, 9 S. D. 479, 70 N. W. 642, this court held, in construing the homestead laws of 1890, that the former law permitting the filing of a mechanic's lien against homesetads was repealed by implication; that the language of the law of 1890 did not permit of the construction that a mechanic's lien could be filed against a homestead. A proposed amendment to the Constitution permitting the filing of a mechanic's lien against the homestead was voted down. This was a strong indication that the Legislature did not intend that a mechanic's lien should be filed against the homestead. This construction of the statute was followed in the case of Hansen v. Hansen, 40 S. D. 114, 116 N. W. 427. In that case the court said:

"There is no provision in any law that authorizes heirs, or any other claimant, or any court, to force the sale or segregation of a homestead as the same is defined by section 3224, Political Code, except for the satisfaction of a purchase-money judgment, a mortgage, or a tax lien."

"Whether a sale is voluntary or forced depends, not upon the mode of its execution, but upon the presence or absence of the consent of the owner." Karcher v. Gans, 13 S. D. 383, 83 N. W. 431, 79 Am. St. Rep. 893.

If this decree can be sustained, the creditor for the lumber bill would be allowed to fasten upon the homestead a lien for the material, but here the owner has not consented to the sale or execution. It cannot be said to be a voluntary sale within the meaning of the law, for the appellant is here resisting this very sale.

In Peter Mintener Lumber Co. v. Janisch, 44 S. D. 42, 181 N. W. 914, the mechanic's lien was upheld on the proceeds of

the sale of a homestead above $5,000. But this homestead was sold by stipulation of all the parties and the money placed in the bank to be paid to the lienholders according to their priorities. The issues in this case were not an authority sustaining respondent's contention.

In Fallihee v. Wittmayer, this court lays down the rule as follows (9 S. D. 482, 70 N. W. 644) :

"The intention of the lawmaking power to deprive mechanics and materialmen of their liens against the homestead seems quite apparent, not only from the entire change of the language used, but from the fact that that body itself created, defined and limited the homestead, and in unambiguous terms provided that the homestead should be absolutely exempt from all sales."

The judgment should not establish or authorize the filing of a lien against the homestead; to so hold would materially change the settled law of the state and expose the homestead claimant to serious annoyance and expense.

The judgment against defendants for $704.07 is affirmed, but the right to the mechanic's lien is denied. No costs will be allowed to either party.

POLLEY, P. J., and GATES, J., concur in the result.

ANDERSON, J., not sitting.