### RINGER, Adm'r, v. BYRNE et al.

No. 27944. May 31, 1938.

Wm. G. Davisson, for plaintiff in error.

J. B. Moore, for defendants in error.

HURST, J. This is an action to recover possession of certain residence property in Ardmore and to subject it to the payment of unpaid debts of Cassius L. Byrne, deceased. The action arose under the following circumstances: The property was acquired by. and title was taken in the name of, Cassius L. Byrne in 1904. Thereafter a house was built on the premises and was occupied by Cassius L. Byrne and Lyddia E. Byrne as their homestead from 1904 until July, 1927, when Cassius L. Byrne died. After his death, his widow continued to occupy the property as her homestead until May, 1935, when she died. Cassius L. Byrne died intestate and left as his sole heirs his widow and one adult son, Cassius A. Byrne. The widow was appointed administratrix of the estate of her husband, Cassius L. Byrne, and continued to act until shortly before her death, when she resigned and her son was appointed administrator to succeed her. While it does not appear that the county court made an order setting the property over to the widow as a homestead, it does appear that in the inventory and at least two annual reports the property was referred to as "homestead," and these reports were approved by the county court. At the time of the widow's death, the property was being occupied by her, her son, and his wife as a home.

After the death of the widow, the creditors of Cassius L. Byrne, whose debts had not been fully paid, filed a petition in the county court asking the sale of the residence property for the purpose of paying the debts. The son filed objections, and thereupon the creditors filed an application asking that the authority of Cassius A. Byrne, as administrator over the property, be suspended and that a special administrator be appointed to file suit to determine title to said property and subject it to the payment of the unpaid debts of Cassius L. Byrne, deceased. This application was sustained and the plaintiff, W. W Ringer, was appointed special administrator and given authority to institute this action. Thereupon he commenced this action, and in the petition he referred to the property as homestead property of Cassius L. and Lyddia E. Byrne, and

alleged that "the homestead rights of said property terminated upon the death of the said Lyddia E. Byrne, there being no minor children surviving, that said property immediately became subject to be applied to the payment of the indebtedness of the estate of Cassius L. Byrne, deceased." The prayer of the petition was that said property be decreed to be the property of the estate of Cassius L. Byrne, for possession of same, quieting title against Cassius A. Byrne, and for a further decree that the property is subject to be sold by the county court for the purpose of paying the debts of Cassius L. Byrne.

The defendant answered claiming (a) that the property having been acquired with the money of Lyddia E. Byrne, same was held in trust for her by Cassius L. Byrne; (b) that said property, being occupied as the homestead of Cassius L. Byrne and wife prior to his death, and by the widow after his death, was free from all debts of Cassius L. Byrne; (c) that defendants and Lyddia E. Byrne agreed that if they would come to Ardmore and take care of her, the property would become theirs, and by complying with said requirements, Lyddia E. Byrne conveyed to them the equitable title, and they thereby acquired ownership of said property; (d) that Cassius A. Byrne inherited said property, if the title was not acquired by him during the lifetime of his mother.

The cause was tried to the court without a jury, and judgment was rendered for the defendants, the court finding that the property constituted the homestead of Cassius L. Byrne and his wife during his life, and her homestead after his death, and that the property was held in trust by Cassius L. Byrne for Lyddia E. Byrne by reason of the fact that the house was built on the premises with her money. The judgment was based on the latter ground. From that judgment this appeal was taken.

■ We think there is serious doubt as to whether defendants are entitled to prevail on the theory of resulting trust as found by the trial court. See 65 C. J. 428, sec. 188; Restatement of the Law of Trusts, sec. 454, p. 1385; Bogert on Trusts and Trustees, sec. 455, p. 1371; Four Rivers Mut. Orchard Co. v. Wood (1924, Ark.) 266 S. W. 75. But we need not definitely determine the correctness of that theory for the reason that the same result must be reached upon another theory advanced by defendants.

It is held that under section 252, O. S. 1931 (12 Okla. St. Ann. sec. 78), if on the entire record the judgment of the trial court is correct, it will not be disturbed on appeal, no matter how erroneous the reasons on which such determination was based. City of Tulsa v. Thomas (1923) 89 Okla. 188, 214 P. 1070; Douglas v. Douglas (1936) 176 Okla. 378, 56 P.2d 362.

■ Under the view we take of this matter, the decisive question is this: The property having passed as a probate homestead to Lyddia E. Byrne after the death of her husband, did it remain free and clear from the debts of her husband, or did it become subject to such debts upon her death, leaving no minor child?

Plaintiff argues that after the death of the widow, the homestead right terminated and the property became subject to the debts of her husband, relying principally upon Manning v. Dosher (1934) 167 Okla. 368, 29 P.2d 966. On the other hand, defendants argue that the homestead, having once passed to the widow free and clear from her husband's debts, does not become subject to such debts upon her death, and rely upon First Nat. Bank v. Scott (1936) 178 Okla. 175, 62 P 2d 511. We find no conflict between these cases, and are of the opinion that the Scott Case is controlling here. It must be remembered that the exemption laws given to the head of a family and the homestead rights of a surviving spouse or minor children constitute two distinct policies in this state. In re Gardner's Estate (1926), 122 Okla. 26, 250 P. 490. The former is commonly referred to as the "constitutional homestead" and is created by article 12 of the state Constitution. The latter is commonly called the "probate homestead" and is created by section 1223, O. S. 1931 (58 Okla. St. Ann. sec. 311). The Dosher Case, which has to do with the constitutional homestead, holds that upon the death of a homesteader, leaving no surviving spouse or minor child, the constitutional homestead right ceases, and as the probate homestead never attaches, the property becomes subject to the debts of the homesteader. On the other hand, in the Scott Case, which has to do with the probate homestead, the homesteader left a minor child and the probate homestead vested in him, and it holds that the property descended to him forever free from the debts of the homesteader, so that even after the child attained his majority the property could not be sold for such debts. The court there said

that this is a jurisdiction "where homestead laws pass the homestead property to the heirs exempt from the ancestor's debts" and that "the homestead is forever discharged from all debts of the decedent." We think this is a correct statement of the law as applied to the probate homestead, but not as applied to the constitutional homestead.

Section 1223, supra, referring to the homestead and seven other items of exempt property, provides that "no such property shall be liable for any debts or claims whatever."

Section 1224, O. S. 1931 (58 Okla. St. Ann. sec. 312), provides that in addition to the property set out in section 1223, supra, the personal property exempt from payment of debts (sec. 1642, O. S. 1931, 31 Okla. St. Ann. sec. 1) shall be assigned to the surviving wife or husband, or minor child or children, and no such property (meaning the other exempt personal property not referred to in section 1223) shall be liable for any prior debts or claims against the decedent, except the expenses of the last illness, funeral charges, and expenses of administration when there are no other assets available.

Section 1225, O. S. 1931 (58 Okla. St. Ann. sec. 313), provides that "the homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife or either of them, previous to or at the time of the death of such husband or wife, except such as are secured by liens thereon, as provided in the laws relating to homesteads." The exception refers to the debts specified in section 1646, O. S. 1931 (31 Okla. St. Ann. sec. 5).

Section 1263, O. S. 1931 (58 Okla. St. Ann. sec. 381), provides that "all the property of a decedent, except as otherwise provided for the homestead and personal property set apart for the surviving wife or husband and minor child or children, shall be chargeable with the debts of the deceased, the expenses of the administration, and the allowance to the family." The exception has reference to the provisions of sections 1223, 1224, and 1225, supra.

Construing these statutes together, we think it was the intention of the Legislature that where the probate homestead once attaches, it does not become subject to the claims of creditors of the deceased homesteader upon the death of the surviving spouse without a surviving minor child, or upon the event of a surviving minor

child attaining majority, as in the Scott Case. Plaintiff cites no cases, and we have been able to find none, where this court has permitted a creditor of the homesteader to proceed against the probate homestead upon the death of the survivors, or upon their becoming of age in event of minor children.

Plaintiff attempts to distinguish the Scott Case upon the grounds that (1) the homestead was there actually set aside to the person entitled to it under the law, and (2) the final order of distribution of the estate had been entered and the claimant, whose claim had been established in the administration proceedings, was forever barred by the order of final distribution. But it has been held that it is not necessary that a formal order be made setting the property apart as a homestead. Kimberlin v. Anthony (1926) 124 Okla. 170, 254 P. 1. As to the second ground of distinction, the court in the Scott Case, while setting such contention out as there urged, expressly stated that it was not necessary to consider it by reason of the determination of the homestead right involved.

Not only does the conclusion we have reached carry out the language of the statute pertaining to probate homesteads, but we fail to see where the creditors can complain. At the time the debts were created the creditors knew that the property in question was the homestead of Cassius L. Byrne and wife and could not be looked to for the payment of the debts. The property could have been conveyed during the lifetime of Cassius L. Byrne, and the creditors could not have questioned the consideration or the motive of the conveyance. Dreyfus v. Dickason (1936) 176 Okla. 477, 56 P.2d 881; Gray v. Deal (1915) 50 Okla. 89, 151 P. 205. Upon the death of the homesteader, leaving a surviving spouse or minor child, the law conveys the homestead free from all claims of creditors as effectively as could have been done by a voluntary conveyance during the lifetime of the homesteader. In such a case, upon the death of the homesteader, the homestead does not become an asset of his or her estate; while, as held in the Dosher Case, upon the death of the homesteader, leaving no surviving spouse or minor child, the homestead does become an asset of the estate, and as such is subject to sale for the payment of debts just as any other asset.

■ Plaintiff further contends that if Lyddia E. Byrne had a homestead right, it was waived by certain instruments filed

in the county court listing the property as a homestead, and reciting that it was the property of the estate and that she was without property of her own. Some of these instruments were signed by her, and some by her attorneys, but she at all times lived on the property and claimed it as a homestead. Plaintiff also makes mention of estoppel based upon the instruments above referred to, but the argument is without merit, as no reliance to the detriment of plaintiff is shown.

Under the view we take of this case regarding the homestead question, it is not necessary to consider the other contentions raised by defendants in support of the judgment of the trial court.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur.