In Rè WRIGHT'S ESTATE

STORDAHL, Appellant, v. HOWE, Respondent

(12 N. W.2d 9.)

(File No. 8569.  Opinion filed December 3, 1943.)

R. G. May, of Sioux Falls, for Appellant.
Odin R. Davis, of Sioux Falls, for Respondent.

WARREN, J. In an earlier appeal, Howe et al. v. Larson et al., 68 S. D. 203, 299 N. W. 876, we decided certain jurisdictional matters. In that opinion we did not reach the assignments that dealt with the merits upon the facts now sought to be decided. The facts that now confront us seem to be without dispute, and may be narrated as follows:

George W. Wright died intestate in August, 1921. He left real property in Minnehaha County, South Dakota, consisting of Lots 18 to 22 in Block 14 of Valley Springs. This property at the time of his death was occupied as his family homestead. After Mr. Wright's death, the widow, Mildred M. Wright, petitioned the county court to appoint one E. J. Hetland as administrator. He was appointed on September 23d, 1921. B. O. Stordahl was employed by the administrator as his attorney and as attorney for the estate. Hetland died in October, 1926. At the time of his death the probate proceedings had not been completed and the expenses of administration had not been paid. The matters of the estate, after Hetland's death, drifted along with no representative and nothing was done in connection with the probate proceedings. In January, 1939, letters of administration were issued to one James Larson who has represented the estate as administrator. Larson was appointed upon the petition of Perry E. Howe, father of respondent. Upon the appointment of the new administrator, B. O. Stordahl presented his claim for fees and expenses. A hearing was

had in March, 1939, before the county court upon this claim. In August, 1939, the court entered its order allowing the claim in the sum of $175 against the Wright estate directing that the claim be paid from the assets of the estate. No appeal was taken from that order. Wright's widow and one minor child continued to occupy the real estate, with the improvements thereon, as a home until December, 1932. At that time the minor daughter attained her majority, and the mother and the children of Wright gave a warranty deed to Perry E. Howe conveying the real estate herein involved. Perry E. Howe is deceased. Merritt J. Howe was appointed administrator of the estate of Perry E. Howe, deceased. In January, 1942, a petition was filed seeking distribution of the real estate belonging to the estate of George W. Wright, deceased. Appellant Stordahl objected to the granting of the petition for distribution, urging that by a prior order the county court allowed the appellant $175 as attorney's fees and expenses of administration owing to and incurred by him as attorney for the administrator of the estate of George W. Wright, deceased. The county court denied the petition for partial distribution and directed that Stordahl's claim must be paid before distribution could be had. An appeal to the circuit court resulted in a reversal of the order of the county court and it was directed that final decree be entered distributing the real estate free of any claim by the appellant.

In the appeal, now before us, appellant, by his assignments of error, presents the question: "Where no other assets are available for the payment of the necessary expenses of administration, do such expenses constitute a charge against the exempt property of the estate, including the homestead?"

The respondent contends that the facts established by the record show that there was no abandonment of the homestead by Mildred M. Wright, the surviving widow of George W. Wright; deceased, prior to the conveyance of the premises involved by Mildred M. Wright and the children of George W. Wright to Perry E. Howe.

The facts presented in the record do not require us to consider the value and extent of the property claimed as the homestead, as the value and extent are both below the limitations prescribed by our statutes. It seems clear that the purpose of creating a homestead is to provide the surviving family with a home in which it may have shelter from and a protection against the claims of creditors or its own improvidence and where it may live and be protected. S. D. Const. Art. XXI, § 4 provides: "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale a homestead, the value of which shall be limited and defined by law, to all heads of families, and a reasonable amount of personal property, the kind and value of which to be fixed by general laws." ·

Our court has dealt with this constitutional provision in many of its decisions and has also passed upon legislative provisions relating to the homestead exemptions. In O'-Leary v. Croghan, 42 S. D. 210, 173 N. W. 844, 6 A. L. R. 1134, we held that the Legislature had power, under these constitutional provisions, to define the homestead and specify the property or limit the amount in value that shall be exempt; and, having specified the property and limited the amount, the power of the Legislature ceased.

We come now to the determination of charging the estate with the expense incurred by the wife in the administration of the husband's estate. In addition to the constitutional provision, cited earlier in this opinion, certain sections of the Rev. Code 1919 are of importance in the determination of the expense incurred. They are §§ 449, 450, 459, 466, 467*, 468*, 2658, 3301,. 3335, 3337, 3345, 3346, 3347, 3419, 3422. For convenience the foregoing sections will be found in SDC 1939 as SDC 51.1701, 51.1702, 51.1710, 51.1716, 51.1717*, 37.4909, 35.1101, 35.1201, 35.1203, 35.1302, 35.1303, 35.1307, 35.1501, 35.1517.

The homestead of every family, resident in this state, so long as it continues to possess the character of a home-

---

* §§ 467 and 468 are included in 51.1717.

stead, is exempt from judicial sale, from judgment lien and from all mesne or final process from any court to the extent and as provided in Title 2, § 2,089 et seq., Code of Civil Procedure, Rev. Code 1919, SDC 33.0101 et seq.

The various sections of the statutes, just cited, seem to reflect that the homestead shall be held exempt from any certain debt of the parent; and, if it descends to the issue of either husband or wife, it shall be held by such issue exempt from the debt of such husband or wife, except as in the sections provided. Hansen v. Hansen et al., 40 S. D. 114, 166 N. W. 427.

It may be conceded that the attorney's fees, expenses and costs of administration were brought about by the acts of the surviving wife. That fact, however, does not permit this court to hold that the homestead in question can be impressed with that indebtedness. Fallihee v. Wittmayer et al., 9 S. D. 479, 70 N. W. 642 and Morgan et al. v. Beuthein et al., 10 S. D. 650, 75 N. W. 204, 66 Am. St. Rep. 733.

The Supreme Court of Oklahoma in Pennington v. Woodner-McGaugh, 54 Okl. 110, 153 P. 875, 876, in dealing with the rights of a surviving spouse in a homestead held that the widow was entitled to possess and occupy the home-stead of her deceased husband "during her life or until such time as she actually abandons it or the same is disposed of according to law." The Oklahoma court further said that the homestead involved in the controversy should not have been administered upon or included in the administration proceedings. See Pioneer Mortgage Co. v. Carter, 84 Okl. 85, 202 P. 513. That is precisely the situation in the case before us as our statutes indicate that the homestead is not to be deemed an asset. SDC 35.1302.

Under our Constitution and laws, the homestead right so firmly exists that nothing can deprive those entitled thereto of the right; and, in the instant case, no order of the court was required to vitalize and give it effect.

"In the case of Holmes v. Holmes, 27 Okl. 140, 111 P. 220, 30 L. R. A., N. S., 920, which was cited and followed by this court in the recent case of Barnett et al. v. Love et al.,

118 Okl. 31, 248 P. 645, this court said that the words, 'until it is otherwise disposed of according to law,' mean that 'it may be sold for taxes; or upon foreclosure of any mortgage thereon executed by both husband and wife, or upon execution to enforce judgment for the purchase price or any part thereof, or in the enforcement of a mechanic's lien.'

"In the case of Belt v. Bush, 74 Okl. 94, 176 P. 935, this court said that:

" 'No order of the county court is required to entitle the surviving husband or wife to continue in the possession and occupancy of the homestead. The right to occupy the homestead is given by the statute and requires no order of court to vitalize it and give it effect.' " Kimberlin et al. v. Anthony, 124 Okl. 170, 254 P. 1, 2; Moore v. Rick et al., 186 Okl. 351, 97 P.2d 884; Ringer v. Byrne et al., 183 Okl. 46, 80 P.2d 212.

The mandatory language of our statutes lends considerable strength to our position that the homestead cannot, by forced sale, be sold or disposed of. SDC 35.1517 provides that the court shall order sale of all said property of said estate "not exempt." That language "not exempt" clearly refers back to the homestead and SDC 35.1302 provides for the exclusive possession of the homestead by the surviving spouse who may continue to have the exclusive possession of the homestead, as defined by law, until it is otherwise disposed of. We believe that the term "until it is otherwise disposed of" has reference only to the disposition of the homestead in satisfaction of liens to which it might be subject. Ringer v. Byrne et al., 183 Okl. 46, 80 P.2d 212. There is no provision in our law that authorizes heirs, or any other claimant, to force a sale or segregation of the homestead. Robert Burns Lbr. Co. v. Peterson et al., 48 S. D. 92, 202 N. W. 387.

Referring to SDC 51.1701, and having in mind the historical background, it would seem to indicate a legislative intent that so long as the homestead continues to possess that characteristic, it shall be beyond the reach of the pro-

cess of the county court. The occupation by Mrs. Wright gave continuity to the property's exempt character. Bailly et al. v. Farmers' State Bank of Sisseton, 35 S. D. 122, 150 N. W. 942, when read in connection with SDC 35.1201, indicates that the homestead is not to be inventoried as an asset of the estate, and SDC 35.1302 indicates that the Legislature did not intend that homestead property should be administered as a part of the estate and that the only function of the county court is to declare in whom title vests upon the death of the owner. See SDC 35.1708. Thus, it is plain that the homestead in question was exempt from expenses of administration at the time of its sale to Perry E. Howe.

Another serious question for decision arises by reason of its loss of its homestead character through sale and discontinuance of occupancy while it yet remained a part of the property of the estate as distinguished from an asset. The Legislature has not said that it shall, under such circumstances, become an asset of the estate. The title to this property descended free from the claims of creditors of the deceased. Botsford Lbr. Co. v. Clouse, 63 S. D. 147, 257 N. W. 106. In no event could it have been administered for the benefit of the creditors of deceased. There appears to be no reason for administration upon it, except to declare and decree the title in the parties by law entitled thereto. The widow and heirs could have claimed immediate partial distribution while they were in occupancy and then have sold it. The statutes do not seem at all clear and are somewhat ambiguous. We prefer an interpretation which will further the manifest legislative purpose to protect the family as exigencies of its situation may require sale and change of location. They should be permitted so to do without subjecting the homestead to costs and charges of administration; and, to say that the homestead may become subject to such expenses in the hands of a grantee, places an indirect charge on the family because a prudent purchaser will adjust the price accordingly.

The claim for attorney's fees could not ripen into an enforceable lien against the homestead property in question

as the said homestead property would pass from the grantor to the grantee free from such claim. First Nat'l. Bk. of Braman v. Scott et al., 178 Okl. 175, 62 P.2d 511; Sakowitz Bros. et al. v. McCord, Tex. Civ. App., 162 S. W.2d 437; Swisher v. Swisher et al., 157 Iowa 55, 137 N. W. 1076; Southwick et al. v. Strong et al., 218 Iowa 435, 255 N. W. 523; L. Lamb Lbr. Co. v. Roberts et al., 23 S. D. 191, 121 N. W. 93; Smith v. Allmendinger, 41 S. D. 144, 169 N. W. 512; See 65 A. L. R. note page 1210. Cf. Kohrt et al. v. Mercer et al., 203 Minn. 494, 282 N. W. 129.

The Supreme Court of our sister state of North Dakota holds that the homestead estate is for the protection of the family and when once established it continues to exist after the death of the homesteader for the benefit of the surviving husband or wife or minor children, and that real property subjected to the homestead may descend or be distributed to the surviving husband or wife and heirs free of decedent's debts; and if sold, the proceeds are exempt. Meidinger v. Security St. Bank of Medina, 55 N. D. 301, 213 N. W. 850. See, also, Birks et al. v. Globe International Protective Bureau, 56 N. D. 613, 218 N. W. 864; Cullen et al. v. Sullivan, 51 N. D. 384, 199 N. W. 760. See State of North Dakota v. Schafer, 8 Cir., 131 F.2d 9, 11.

The Oklahoma Supreme Court in passing upon its statutes, which are similar to ours although not in haec verba, covers the subject under consideration in the late case of First Nat'l Bank of Braman v. Scott et al., 178 Okl. 175, 62 P.2d 511, 512, and we quote:

"Section 1223, O. S. 1931 [58 O. S. 1941 § 311], provides that the homestead shall not in any event be subject to administration proceedings, until otherwise disposed of according to law; and that the children, upon the death of both husband and wife, may continue to occupy the homestead until the youngest child becomes of age.

"Section 1225, O. S. 1931 [58 O. S. 1941, § 313], provides that the homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the

time of their death, except such as are secured by lien thereon, as provided in the laws relating to homesteads.

"We take it that the public policy of this state has always been to preserve and protect the family homestead, so that not only the aged parent or parents, but also the surviving children shall be assured, if they are reasonably diligent, of a place of refuge; and that in line with this policy the Legislature passed these very pertinent statutes, the intent of which is to pass the homestead free and clear from the debts of the ancestors, unless the same are a lien upon the homestead, placed thereon in a manner provided by law. Having once so passed, free and clear, under the statutory exemption, we hold that under section 1225, O. S. 1931 [58 O. S. 1941 § 313], it does not become subject to the claims of a creditor such as this plaintiff, upon the youngest child reaching his majority.

"Plaintiff argues that the opposite is true and cites decisions from several states in support thereof, however, we think the better rule is as stated in 29 C. J. 1028, as follows:

" 'The rule under which the children's rights terminate on majority has no application, of course, in jurisdictions where the homestead laws pass the homestead property to the heirs exempt from the ancestor's debts, or under homestead laws by which the homestead is forever discharged from all debts of the decedent.' "

The Supreme Court of Wisconsin, in Mackin v. Madden, 104 Wis. 61, 80 N. W. 100, 101, in dealing with expenses of administration wherein the last will and testament was involved, used language which necessarily means that the costs of administration, such as attorneys' fees, cannot become an enforceable claim against the homestead, and we quote: "* * * When a homestead is devised and nothing said about the payment of expenses of administration, no presumption can be indulged in of a right to charge such homestead therewith, because by the will and **under the statute the property in such a situation goes directly to the devisee without the right of possession or control vesting in the executor at all; * * *.**" (Emphasis ours). Pym v.

484

Pym, 118 Wis. 662, 96 N. W. 429; and, In re Borchardt's Will, 184 Wis. 561, 200 N. W. 461.

The language quoted, it seems to us, is equivalent to saying, under our statutes, that the homestead does not come under the control of and that the possession does not vest in an administrator and is not subject to any administration proceedings whatsoever. Hence, the attorney's fees sought to be enforced by the filing of a claim cannot be allowed, as the services were unnecessary as no formal order in county court was necessary to set the homestead aside since the rights of the parties were fully vested upon the death of George W. Wright. We are of the opinion that our interpretation of our Constitution and statutes is within the weight of authority.

For all of the foregoing, we conclude that this exempt property of the estate, to-wit: the homestead, was not subject to the payment of the expenses of administration.

The judgment appealed from is affirmed.

ROBERTS, P.J., and POLLEY and SMITH, JJ., concur in result.

RUDOLPH, J., dissents.