## MILLER v. HASSMAN *et al.*

No. 90.   Opinion Filed July 13, 1909.

(103 Pac. 577.)

**PARTITION—Property Subject—Homestead.** Where a surviving wife and family occupy as a home and homestead the premises formerly occupied by her deceased husband and family as his homestead, and where it is conceded by plaintiff by stipulation in open court that such premises is her homestead, the same will not be partitioned at the suit of an adult heir.

(Syllabus by the Court.)

*Error from District Court, Cleveland County; C. F. Irwin, Judge.*

· · Action for partition by John M. Miller, as guardian of Maude E. Miller, against Jennie Hassman and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*C. M. Keiger,* for plaintiff in error.
*Jenkins & Spencer,* for defendants in error.

HAYES, J.    There is no controversy in this case as to the .facts.    One Henry. W. Miller died on .the 4th day of February, .1902, leaving, him surviving, his wife, Jennie Miller, and two minor daughters, Josephine Miller and Maude E. Miller.    At. the time of his decease he owned, and with his family occupied as a homestead, the W. ½ of the S. W. ¼ of section 24 township 10 N., range 4 E., Indian Meridian.    The wife and children continued after his decease to occupy this land as a homestead. Subsequently the wife married one Theodore C. Hassman, her codefendant in this action.    The exact date of the marriage does not appear from the record.    She has, since her remarriage, resided upon the premises in controversy and continued to hold the same as a homestead. Both of her children by her deceased husband are now of lawful age.    Josephine has married, and on the 3d day of April, 1907, sold and conveyed by deed to her mother her one-third interest in the land.    The other child, plaintiff herein, is a deaf mute, and brings this action for partition by her guardian, John M. Miller.    The parties have, by stipulation, narrowed the issues in this case to a single question of law.    Upon the trial in the lower court the parties in open court stipulated that the land described in the petition, the partition of which is sought by this action, was at the time of the commencement of the action, and had been for a long time prior thereto, and was at the time of the trial of the case, claimed and occupied by defendant as her homestead,. and it was conceded in open court by plaintiff that the same was the homestead of defendants at the time of the trial and that the only issue to be tried by the court was whether said premises, being the homestead of defendants, was subject to partition and sale.

Section 1607, Wilson's Rev. & Ann. St. 1903, provides upon

the death of either husband or wife the survivor may continue to possess and occupy the homestead until it is otherwise disposed of according to law. Defendants in their answers set up that defendant Jennie Hassman and plaintiff, Maude E. Miller, have at all times continued since the decease of Henry W. Miller to occupy the land in controversy as a homestead of the family. But it is unnecessary for us to review the facts set forth in the pleadings to ascertain whether or not Jennie Hassman, at the time of the trial of this case, had a right, as the surviving wife of her deceased husband, Henry W. Miller, to possess and occupy the premises as a homestead; for it has been by stipulation in open court conceded by plaintiff that she has such right, and that the same is her homestead. Whether this concession was made solely upon the facts disclosed by the pleadings or upon other facts does not appear from the record, but upon this stipulation the case was tried by the court below. The court so recites in its judgment.

The exact language of the stipulation as disclosed by the record is as follows:

. "On the 1st day of Ooctober, 1907, when said case was first called for hearing, it was stipulated and agreed by counsel for plaintiff and defendants in open court that all of the issues in said action were eliminated, except the issue as to the right of plaintiff to partition and sell the lands described in said petition; it being expressly stipulated between said counsel that the land described in said petition, at the time of commencing this action, long prior thereto, and at the present time, was claimed and occupied by defendants as their homestead under the laws of the territory of Oklahoma, and the same was conceded by plaintiff to be the homestead of the defendants at the times stated. It was further stipulated by counsel for plaintiff and defendants that the only issue to be tried by the court was as to whether or not said homestead, against the will of defendants, was subject to partition and sale. * * * "

This stipulation eliminated all the issues except the sole question whether a homestead of a deceased husband, while being lawfully occupied by the surviving wife as the home and homestead of herself and family, can be partitioned on application of

one of the adult heirs. This question was decided adversely to plaintiff in the lower court. The same question was before this court for determination in *Funk v. Baker et al.*, 21 Okla., 402, 96 Pac., 608, wherein it was held that where a wife, for the use of herself and family, occupies as a home the homestead of her deceased husband, such homestead is not liable to partition at the suit of the assignee of some of the adult heirs.

The doctrine of that case is directly applicable to the case at bar, and the judgment of the trial court is affirmed.

All the Justices concur.