## PENNINGTON v. WOODNER-McGAUGH *et al.*

No. 5510.    Opinion Filed December 14, 1915.

(153 Pac. 875.)

1.    **HOMESTEAD—Right of Surviving Spouse—Waiver.** The fact that the surviving spouse of a decedent, appointed by the county court to administer the estate of such decedent, files an inventory in which the homestead is listed as a part of the assets of the estate, files a final account in which such homestead is listed, and procures the approval of said account and an order of distribution, in which order the court determines who the heirs to such estate are and their respective interests therein, does not deprive such spouse of the right to continue to possess and occupy such homestead in accordance with the terms of section 5265, Comp. Laws 1909 (section 6328, Rev. Laws 1910), and does not constitute a waiver or abandonment of such homestead so as to authorize the partition of such homestead at the suit of another heir.

2.    **JUDGMENT—Decree of Distribution — Conclusiveness — Matter Determined.** A decree of distribution, made in the winding up of an estate is conclusive as to matters properly before the county court and involved in such hearing; that is, the determination of who the legatees, devisees, and heirs to the estate are and their respective interests therein, but is not conclusive as to the right to the possession of real estate belonging to such estate, and does not preclude the surviving spouse of the decedent from asserting the right to possess and occupy the homestead.

(Syllabus by Rummons, C.)

*Error from District Court, Dewey County;*
*James B. Cullison, Judge.*

Action by T. C. Pennington against Ed. Woodner-McGaugh and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*W. P. Hickok,* for plaintiff in error.

*Ethelbert T. Barbour,* for defendants in error.

Opinion by RUMMONS, C. The sole question to be determined in this case is whether or not the defendant in error Rohena Woodner, alias Rohena McGaugh, who was the widow of William Woodner, alias William McGaugh, and as such claimed the right to possess and occupy the lands in controversy as a homestead, until otherwise disposed of according to law, in accordance with the terms of section 6328, Rev. Laws 1910, had waived and abandoned her right to possess and occupy such homestead. It appears that the defendant in error Rohena Woodner, alias McGaugh, after the death of her husband had filed her petition in the county court of Dewey county praying her appointment as administratrix of the estate; that she was duly appointed, and thereafter duly qualified and proceeded with the administration of such estate; that she filed an inventory as required by law, in which the real estate in question was listed as among the assets of the estate. In due time she filed her final account, and the same was considered by the county court and approved, and an order made by such county court determining who were the heirs of the decedent, and adjudicating the respective interests of such heirs in the estate left by such decedent, remaining after administration. In this final account, and in the order settling the same, the real estate was also listed and referred to as a part of the assets of the estate.

Plaintiff in error, having been adjudged one of the heirs of said decedent and entitled to an interest in the estate left by said decedent, brought this action to partition the said real estate. The defendants in error answered by denying the right of plaintiff in error to have the real estate partitioned, and the defendant in error Rohena Woodner, alias McGaugh, in her answer claimed the right to occupy and possess said real etsate as a homestead. The trial court found for defendants in error. The case was submitted to the trial court upon an agreed statement of facts, from which it appears the real estate in question was the only real estate left by decedent, and that at the time of his death the defendant in error Rohena and decedent were living thereon, occupying it as their homestead, and that since his death the defendant in error Rohena has continued to occupy and still occupies the same as a homestead, and claims the right to continue so to do. It is contended by plaintiff in error that, while there has been no actual abandonment of the homestead by the defendant in error Rohena, yet her acts in the proceedings taken in the county court of Dewey county in administering upon said estate, and the orders and judgments of said county court, constitute a waiver of her right to the homestead, and that by reason thereof she has constructively abandoned it.

The contention of plaintiff in error, that the orders and judgments of the county court in the administration of an estate, made upon matters properly before it, are conclusive and binding, and that the defendants in error cannot in this proceeding attack or question the force and effect of any judgment or order made by the county court in the administration of said estate, is undoubtedly

correct.   But the defendants in error will only be bound as to matters determined by the county court in such administration, and it does not follow that such acts constitute a waiver of the right of defendant in error Rohena to possess and occupy the homestead.   Plaintiff in error argues at some length that the action taken by said defendant in error in the administration of such estate constituted an election by defendant in error to take her share of the estate of the decedent as his heir, and to waive her right to the homestead.   The fallacy of this argument lies in the fact that under our law no election is required of the widow.   Her rights in the estate of her husband are absolutely fixed by law, and she is entitled not only to take her share of the estate as an heir, but in addition thereto is entitled to possess and occupy the homestead of her deceased husband during her life or until such time as she actually abandons it or the same is disposed of according to law.   It cannot be contended that the order of distribution upon which plaintiff in error relies was a disposition of the homestead · according to law.   Upon the death of the husband of said defendant in error she and the other parties to this action became immediately vested with the title to his real estate, subject to the right of this defendant in error to possess and occupy the homestead. No proceedings in probate or any other court were necessary to vest this title in them.   But while this is true, it is evident that there also would be no record title in any one, and persons dealing with the real estate of decedent could have no official and record knowledge as to who held the title thereto.   It therefore became necessary to have some adjudication upon the question of heirship.   There is no method in our state by which the

heirs of a deceased person can be determined judicially, and thus become a matter of record, other than a proceeding in the county court such as was taken in the case at bar. The order of distribution was simply a determination by the county court as to who the heirs of the decedent were and what their respective interests in the estate were. The order of distribution could only be enforced by an heir, legatee, or devisee by suit against the executor, administrator, or other person having his distributive share in possession. Comp. Laws 1909, sec. 5414; Rev. Laws 1910, sec. 6464. The question of possession or the right to possession of the lands belonging to the estate was not before the court, and was not determined in any of the proceedings shown in the record, and the right claimed by defendant in error Rohena in these lands is a possessory right merely.

Judgments are to be construed so as to give effect to all their parts, and all necessary consequences legally arising therefrom, but they are also to be interpreted so as to make them harmonize with the law and facts in the case, and to be such as ought to have been rendered. The question of the homestead right of defendant in error was not before the county court, and was not passed upon in any of the proceedings taken therein shown in the record of this case. We therefore hold that this defendant in error was not precluded by the proceedings in the county court from asserting her right to possess and occupy the homestead. *Matheson v. Matheson,* 139 Iowa, 511, 117 N. W. 755, 18 L. R. A. (N. S.) 1167; *Bacus v. Burns,* 48 Okla. 285, 149 Pac. 1115.

While the homestead involved in this controversy should not have been administered upon, or included in

the administration proceedings, yet plaintiff in error was not injured thereby, or misled in any manner thereby; and we find nothing in the record to estop the defendant in error from her statutory right to continue to possess and occupy the homestead. This being the case, the rule is well settled that the same cannot be partitioned at the suit of any of the heirs. *Funk v. Baker*, 21 Okla. 402, 96 Pac. 608, 129 Am. St. Rep. 788; *Miller v. Hassman*, 24 Okla. 381, 103 Pac. 577; *Holmes v. Holmes*, 27 Okla. 140, 111 Pac. 220, 30 L. R. A. (N. S.) 920.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.