**WARES et al. v. KNABE et al.**

No. 10066—Opinion Filed Nov. 29, 1921.

Rehearing Denied Dec. 7, 1921.

(Syllabus.)

**Homestead—Occupancy by Surviving Spouse —Rights of Heirs to Partition.**

Affirmed upon the authority of Pennington v. Woodner-McGaugh, 54 Okla. 110, 153 Pac. 875.

Error from District Court, Woods County; W. C. Crow, Judge.

Action by Harley G. Wares, a minor, by guardian, J. B. Wares, and others against William Knabe and Gilbert Knabe to partition homestead. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. L. Houts, for plaintiffs in error.

Mauntel & Barry, for defendants in error.

KANE, J. This was an action in partition commenced by the plaintiffs in error, plaintiffs below, against the defendants in error, defendants below. Upon trial to the court there was judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

It appears that the land sought to be partitioned was the homestead of Martha J. Knabe, deceased. The plaintiffs were children of the deceased by a former marriage, and the defendants were the husband and minor child of the deceased by a subsequent marriage which was in force at the time of her death, who were residing with her upon the land. The trial court held that in these circumstances the defendants had a homestead interest in the land which would prevent partition by the other heirs so long as the land was being occupied as a homestead, and entered judgment accordingly.

Counsel for plaintiffs concede the soundness of this view as a general rule of law, but say that the surviving husband waived whatever homestead rights he had by his silence and by including the land involved in his petition for letters of administration and in his final report as part of the assets of the estate of the decedent. The precise point thus raised was decided adversely to the contention of plaintiffs in Pennington v. Woodner-McGaugh, 54 Okla. 110, 153 Pac. 875, wherein it was held:

"The fact that the surviving spouse of a decedent is appointed by the county court to administer the estate of such decedent, files an inventory in which the homestead is listed as a part of the assets of the estate, files a final account in which such homestead is listed, and procures the approval of said account and an order of distribution, in which order the court determines who the heirs to such estate are and their respective interests therein, does not deprive such spouse of the right to continue to possess and occupy such homestead in accordance with the terms of section 5265, Comp. Laws 1909 (section 6328, Rev. Laws 1910); and does not constitute a waiver or abandonment of such homestead so as to authorize the partition of such homestead at the suit of another heir."

Upon the authority of this case, the judgment of the trial court is affirmed.

HARRISON, C. J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.