MOORE v. RICK et al.

*97 P. 2d 884.*

No. 29282.   Dec. 19, 1939.

Rehearing Denied Jan. 16, 1940.

A. L. Commons, H. E. Chandler and J. G. Austin, all of Miami, for plaintiff in error.

Frank Nesbitt and Nelle Nesbitt, both of Miami, for defendants in error.

DANNER, J. This was an action by E. E. Moore against Sarah E. Rick or Sadie Rick, administratrix of the estate of Thomas Rick, deceased, and certain other parties who were children or heirs at law of Thomas Rick, deceased.

The plaintiff alleged that on the 15th day of July, 1926, Sarah E. Rick made, executed, and delivered to the Inter-State Mortgage Trust Company her certain real estate first mortgage coupon bond and mortgage securing the same in the sum of $800, due the 1st day of July, 1931, and that thereafter, by assignment, the plaintiff became the owner of said note and mortgage.

The plaintiff further alleged that Tom Rick was the owner in fee of certain property in Miami, Ottawa county, Okla., and that the said Tom Rick died while seized and possessed of said property; that proceedings to administer his estate were instituted in the county court of Ottawa county, Okla., and that Sadie Rick, as the widow of said Tom Rick, was appointed administratrix of said decedent.

The plaintiff further alleged that the said Tom Rick left surviving several children who had attained their majori-

ty, and one son *who was still a minor.* Plaintiff also alleged that the administratrix of the estate of Tom Rick petitioned to the county court for an order to mortgage the property in question, in order to secure a sum sufficient to pay the ad valorem and special taxes due thereon and to prevent a foreclosure and sale thereof; that on the 24th day of May, 1926, an order was made authorizing the administratrix to mortgage the property to the Inter-State Mortgage Trust Company for the sum of $800, and that pursuant to said order the mortgage here in controversy was executed. The plaintiff prayed for judgment and foreclosure of his mortgage against the property.

The defendants filed their answer, admitting the execution and delivery of the coupon and mortgage securing the payment thereof by the administratrix and admitting that the instruments were executed pursuant to the order of the county court of Ottawa county; and admitted that the title to the mortgaged property was in the name of Thomas Rick, deceased, and that the note and mortgage were executed to procure money to pay special assessment and ad valorem taxes on the mortgaged property.

The defendants specially pleaded that the order authorizing the execution of said instruments was null and void for the following reasons: That the mortgaged property was at the time of the death of Thomas Rick the homestead of himself and family; that it had been used and occupied by his widow and his children at all times since his death as the homestead of his widow and children; that because of the homestead character of said property, the county court had no jurisdiction to administer said property and had no authority to direct the execution of the note and mortgage referred to; further, that the county court had no authority to authorize and direct the administratrix to borrow money for the purpose of paying taxes and that the execution and delivery of the mortgage for such purpose could not be authorized, and that such instruments are null and void.

It is not disputed that the title to the property was in the name of Thomas Rick at the time of his death, and that same was his homestead and that the mortgaged property was used and occupied by the widow and children, including a minor child, of Thomas Rick at the time of the delivery and execution of the coupon bond and mortgage, as their homestead. That said property was not included in the inventory of the assets of the estate of Thomas Rick, deceased, and that no order had been made setting off said property as a homestead for the use of the widow and children.

The defendants asked that the title be quieted against the plaintiff. A motion for judgment on the pleadings was filed by the defendants. The court sustained the motion and dismissed plaintiff's cause of action, and from such judgment plaintiff appeals to this court.

We consider it necessary to decide but one question presented in this case; that is, where it is admitted, or the proof shows, that the property is the homestead of the widow or minor children of decedent, can a valid mortgage be executed thereon by the administrator of decedent's estate?

Section 2, art. 12, Oklahoma Constitution, provides:

"The homestead of the family shall be and is hereby protected from forced sale for the payment of debts, except for the purchase money therefor or a part of such purchase money, the taxes due thereon, or for work and material used in constructing improvements thereon; nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law; Provided, nothing in this article shall prohibit any person from mortgaging his homestead, the spouse, if any, joining therein; nor prevent the sale thereof on foreclosure to satisfy any such mortgage."

Section 1225, O. S. 1931, 58 Okla. St. Ann. § 313, reads as follows:

"The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such

353

husband or wife, except such as are secured by lien thereon, as provided in the laws relating to homesteads."

It will be noted that nowhere in the statute is any authority given to the administratrix to create a lien on the homestead. Nor is the property subject to the payment of debts except such as are secured by liens thereon, as provided for in section 1646, O. S. 1931, 31 Okla. St. Ann. § 5. Holmes v. Holmes, 27 Okla. 140, 111 P. 220, 30 L. R. A. (N.S.) 920; Ringer, Adm'r v. Byrne et al., 183 Okla. 46, 80 P. 2d 212.

Section 1223, O. S. 1931, 58 Okla. St. Ann. § 311, which was in effect at the time of the execution of the coupon bond and mortgage in question, reads as follows:

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings, until it is otherwise disposed of according to law; and upon the death of both husband and wife, the children may continue to possess and occupy the whole homestead until the youngest child becomes of age. * * *"

The above statute clearly gave the widow the right to continue to possess and occupy the homestead and provides that the homestead shall not in any event be subject to administration proceedings, except for the purpose of determining the identity of heirs or devisees to whom the homestead lands shall go and the proportions which each shall take by decree of distribution on final settlement of the estate and the termination of the homestead rights. Pennington v. Woodner, 54 Okla. 110, 153 P. 875; Gassin et al. v. McJunkin, 173 Okla. 210, 48 P. 2d 320. No order of the county court is required to entitle the surviving husband or wife (and on the death of the survivor the children until the youngest child becomes of age) to continue in possession and occupancy of the homestead. Kimberlin v. Anthony, 124 Okla. 170, 254 P. 1; Pioneer Mortgage Co. v. Carter, 84 Okla. 85, 202 P. 513.

In passing upon the principal question in issue here, this court, in the last above cited case, said in the opinion:

"It is admitted in this case that the land was the homestead of the deceased and was occupied by deceased and the minor children at the time of her death as such, and it is admitted that five of the children are minors or were at the time of mortgaging the property.

"We first consider whether the administrator has any power or authority to mortgage the homestead for the payment of debts against the estate and what jurisdiction the administrator has over the homestead. Section 6328, R. L. 1910, provides in substance as follows:

" 'Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, which shall not in any event be subject to administration proceedings, until it is otherwise disposed of according to law; and upon the death of both husband and wife the children may continue to possess and occupy the whole homestead until the youngest child becomes of age.'

"Section 6330, R. L. 1910, provides as follows:

" 'The homestead is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as are secured by lien thereon, as provided in the laws relating to homestead.'

"Section 2, art. 12, of the Constitution provides in substance that the homestead of the family shall be and is protected from enforced sale for the payment of debts.

"Section 8417, R. L. 1910, provides:

" 'The property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration.'

"If we give force and effect to the sections of the statute above referred to and the Constitution, the land in question, being the homestead, was not sub-

ject to administration proceedings unless it comes within the provisions of section 6328, supra, to wit, 'until it is otherwise disposed of according to law.'

"This portion of the section of the statute was construed by this court in the case of Holmes v. Holmes, 27 Okla. 140, 111 P. 220, 30 L.R.A. (N. S.) 920, to mean:

" 'It may be sold for taxes; or upon foreclosure of any mortgage thereon executed by both husband and wife, or upon execution to enforce judgment for the purchase price or any part thereof, or in the enforcement of a mechanic's lien.'

"It is therefore apparent under section 6328, which provides:

" 'The whole homestead, which shall not in any event be subject to administration proceedings, until it is otherwise disposed of according to law.'

"The land, being a homestead, was not subject to administration proceedings, and the administrator had no jurisdiction over the same. It is also apparent from section 2, art. 12, of the Constitution (section 6330, R. L. 1910; section 6360, R. L. 1910) the homestead was not subject to payment of any of the debts of the deceased.

"It is, however, contended that an inspection of the probate proceedings does not disclose that the land was not homestead, and therefore the order authorizing the administrator to mortgage the same is not void for want of jurisdiction, and not subject to collateral attack. The petition filed by the administrator to mortgage the land is silent regarding the fact that the land is the homestead, nor does it allege that the land is part of the assets of the estate, but simply refers to the fact that the deceased died seized of said land. The order of the court authorizing the administrator to mortgage the land does not make any mention or reference to the land as being the homestead, nor does the record disclose that this question was ever adjudicated by the county court. It is virtually conceded, if the probate proceedings disclose that the land was the homestead of the deceased, the order of the court authorizing the administrator to mortgage the same would be void, because the county court would have had no jurisdiction of the subject matter, and the order would be subject to be attacked in a collateral proceeding."

It will be noted in the above case that the proceedings relating to the mortgage of the property did not mention whether or not the land was homestead. The court decided that if it was the homestead, the order to mortgage the same would be void because the county court had no jurisdiction of the subject matter, and further held that such a mortgage would be subject to attack in a collateral proceeding.

The judgment of the court setting aside the mortgage was correct and should be affirmed, and it is so ordered.

RILEY, OSBORN, GIBSON, and DAVISON, JJ., concur. CORN and HURST, JJ., dissent. BAYLESS, C. J., and WELCH, V. C. J., absent.