GREEN et al. v. CAMPBELL et al.

No. 28893.    April 2, 1940.

*100 P. 2d 997.*

Robert Crockett, of Durant, for plaintiffs in error.

Cornelius Hardy, of Tishomingo, for defendants in error.

HURST, J.    This appeal involves the application of the Act of Congress of January 27, 1933 (47 Stat. L. 777), affecting funds and property of restricted members of the Five Civilized Tribes, to a conveyance of inherited tax-exempt land by a half-blood heir.

Nancy Conway, a full-blood Chickasaw Indian, under the provisions of the Act of Congress of May 10, 1928, received a tax exemption certificate covering 158 acres of her restricted lands, and thereafter died early in the year 1936, leaving as her heirs her grandchildren, Roman Green and Nora Harrison, half-blood Chickasaw citizens and Simon Peter, a full-blood Chickasaw citizen, all adults. She left a will which was denied probate, so that the land descended to the above-

named grandchildren in equal shares, and thereafter all conveyed to defendant G. E. Campbell, none of the deeds being approved either by the Secretary of the Interior or the county court. Subsequently Campbell conveyed to Jackson.

This action was brought by the three above-named heirs to cancel the deeds made by them to Campbell and by Campbell to Jackson on the ground that the land could be lawfully conveyed by them only with approval of the Secretary of the Interior, or at least with the approval of the proper county court. They also alleged, but failed to prove, fraud in the transaction. The trial court canceled the deed of the full-blood heir, Simon Peter, because it lacked approval of the county court, but held that the two half-blood heirs, Roman Green and Nora Harrison, were unrestricted in their right to convey their interest, and denied them relief. From this judgment Roman Green and Nora Harrison appeal.

Plaintiffs base their contention that approval of their conveyance is essential to its validity on their interpretation of section 1 of the Act of Congress of January 27, 1933, 47 Stat. L. 777, which section reads as follows:

"That all funds and other securities now held by or which may hereafter come under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to Indians of the Five Civilized Tribes in Oklahoma of one-half or more Indian blood, enrolled or unenrolled, are hereby declared to be restricted and shall remain subject to the jurisdiction of said Secretary until April 26, 1956, subject to expenditure in the meantime for the use and benefit of the individual Indians to whom such funds and securities belong, under such rules and regulations as said Secretary may prescribe; Provided, that where the entire interest in any tract of restricted and tax-exempt land belonging to members of the Five Civilized Tribes is acquired by inheritance, devise, gift, or purchase, with restricted funds, by or for restricted Indians, such lands shall remain restricted and tax exempt during the life of and as long as held by such restricted Indians, but not longer than April 26, 1956, unless the restrictions are removed in the meantime in the manner provided by law; Provided, further, that such restricted and tax-exempt land held by any one, acquired and herein provided, shall not exceed 160 acres; and provided, further, that all minerals including oil and gas, produced from said land so acquired, shall be subject to all state and Federal taxes as provided in section 3 of the act approved May 10, 1928 (45 Stat. L. 495)."

Plaintiffs' contention is that by the first proviso of section 1, the land descended to the heirs subject to the same restrictions which governed its alienation in the lifetime of the ancestor, and that as Nancy Conway could not in her lifetime make a valid conveyance without the approval of the Secretary of the Interior, her half-blood heirs likewise could not convey without such approval, and that the deeds in controversy, not being so approved, were invalid, and that the trial court erred in not so holding.

Since the submission of this cause the Circuit Court of Appeals for the Tenth Circuit, in the case of Glenn v. Lewis, 105 Fed. 2d 398 (certiorari denied Oct. 26, 1939, 60 Sup. Ct. Rep. 130), held that, as used in the first proviso in said section 1, the term "restricted Indians" included Indians of the half-blood and that tax-exempt land therein referred to, acquired by such half-blood Indian in any of the modes therein specified, was restricted land.

On the authority of that decision the judgment is reversed, with directions to enter judgment for the plaintiffs canceling the deeds to Campbell and the deed to Jackson, and quieting their title to said land.

BAYLESS, C. J., WELCH, V. C. J., and RILEY and OSBORN, JJ., concur.