In re MORRISON'S ESTATE.
WILLIAMS-MORRISON v. FIFE.

No. 29118. April 9, 1940.

Rehearing Denied July 16, 1940.

*104 P. 2d 437.*

C. E. Baldwin and Gibson & Holleman, all of Tulsa, for plaintiff in error.

George H. Jennings and Miller, Lytle & Wildman, all of Sapulpa, for defendant in error.

OSBORN, J. This appeal is prosecuted by John Williams, who alleges that his true name is John Morrison, hereinafter referred to as appellant, from a judgment of the district court of Tulsa county sustaining an order of the county court of that county dismissing a proceeding instituted in cause No. 11576, in the county court, wherein the appellant sought to establish the fact that he was the sole heir and next of kin of Duffey Morrison, the decedent whose estate was involved in said cause.

The facts in chronological order are as follows: Duffey Morrison was a resident of Tulsa county and a half-blood enrolled member of the Creek Tribe of Indians. He died intestate on March 6,

1935, seized and possessed of his allotment and other property.

In the course of the administration of his estate, and on July 1, 1935, a petition for determination of heirship was filed by Timmie Fife, an incompetent, by his guardian, J. A. Boyd. In said petition it was alleged that Timmie Fife was the maternal half uncle of decedent and was his next of kin and sole heir. On September 4, 1935, the county court determined that Timmie Fife was sole heir and next of kin of said decedent. An appeal was perfected to the district court, and the judgment was there affirmed on March 6, 1936. The cause was appealed to this court, where, on December 7, 1937, the judgment of the district court was affirmed. In re Morrison's Estate, 181 Okla. 380, 74 P. 2d 1161.

The mandate of this court was spread of record in the district court and the cause remanded to the county court, and the administrator of the estate filed his final account and petition for distribution. While the case was pending upon the petition for distribution, and on April 4, 1938, the appellant filed in the county court an instrument denominated as "Petition of Intervention and Application to Reopen Decree Against Unknown Heirs," wherein he alleged that he was the son of Jerry Morrison, a full brother by blood of Duffey Morrison, the deceased; that in the year 1913 a common-law marriage was consummated between the father and mother of appellant; that the mother's name prior to said marriage was Alice Williams; that she was a full-blood member of the Creek Tribe of Indians. He further alleged that he had been absent from the state of Oklahoma for approximately three years and had no knowledge or information of the fact that he was an heir to the estate of Duffey Morrison until about March 29, 1938, at which time his mother disclosed to him the information that he was the son of Jerry Morrison, brother of deceased. He alleged that he was born on July 7, 1914, and that his father, Jerry Morrison, died in 1916 while a soldier in the United States Army during the World War. He alleged that under the provisions of sub-division 3, section 1617, O. S. 1931, he was entitled to inherit the entire estate of decedent.

The county court entered an order setting the above petition for hearing on April 18, 1938. On April 4, 1938, J. A. Boyd, guardian of Timmie Fife, filed a special appearance and plea to the jurisdiction of the court, which was overruled April 18, 1938. On May 9, 1938, Timmie Fife and his guardian filed a motion to dismiss the petition on the ground that it was not filed within the time provided by law, which motion was overruled on May 11, 1938.

On May 19, 1939, Timmie Fife and the guardian filed their response to the petition, including a plea of the special six months' limitation provided by the Act of Congress of June 14, 1918 (40 Stat. 606, 25 U.S.C.A. 375).

On May 19, 1938, a hearing was had by the county court and the appellant's petition was dismissed. An appeal was prosecuted to the district court of Tulsa county, and on July 19, 1938, Timmie Fife and J. A. Boyd, his guardian, filed in said cause a plea to the jurisdiction and motion to dismiss on the grounds that the petition was not filed within the time allowed by the act of Congress, supra, and by the statutes of the state of Oklahoma.

The plea to the jurisdiction and motion to dismiss was heard by the district court of Tulsa county on September 7, 1938, and judgment entered dismissing said appeal. From said judgment this appeal is prosecuted.

It is urged by appellant that the court in this cause must determine whether the time in which a decree determining heirship may be reopened is fixed by the above-mentioned act of Congress at six months, or if said time is fixed at one year or three years as provided by sections 1394 and 1388, O. S. 1931, respectively. It is further argued by appellant that his petition was filed in time, since the time must be computed from the date the mandate of this court was spread of record in the district court of Tulsa county, to wit: January 18, 1938; and that,

therefore, the petition which was filed on April 14, 1938, was filed within the time fixed by the act of Congress.

The applicable portion of the act of Congress, supra, is as follows:

"A determination of the question of fact as to who are the heirs of any deceased citizen allottee of the Five Civilized Tribes of Indians who may die or may have heretofore died, leaving restricted heirs, by the probate court of the state of Oklahoma having jurisdiction to settle the estate of said deceased, conducted in the manner provided by the laws of said state for the determination of heirship in closing up the estates of deceased persons, shall be conclusive of said question; Provided, that an appeal may be taken in the manner and to the court provided by law, in cases of appeal in probate matters generally; Provided, further, that where the time limited by the laws of said state for the institution of administration proceedings has elapsed without their institution, as well as in cases where there exists no lawful ground for the institution of administration proceedings in said courts, a petition may be filed therein having for its object a determination of such heirship, and the case shall proceed in all respects as if administration proceedings upon other proper grounds had been regularly begun, but this proviso shall not be construed to reopen the question of the determination of an heirship already ascertained by competent legal authority under existing laws; Provided, further, that said petition shall be verified, and in all cases arising hereunder service by publication may be had on unknown heirs, the service to be in accordance with the method of serving nonresident defendants in civil suits in the district courts of said state; and if any person so served by publication does not appear and move to be heard within *six months* from the date of the final order, he shall be concluded equally with parties personally served or voluntarily appearing."

The principal difference in the procedure prescribed in the act of Congress quoted and section 1394, O. S. 1931, 84 Okla. Stat. Ann. § 254, is the fact that the statute of limitations prescribed in the act of Congress regarding the hearing of persons served by publication thereunder is six months from the date of the final order, while section 1394, O. S. 1931, permits 12 months from the rendition of the judgment in which a person so served may file his or her petition and secure a hearing thereon.

This court has heretofore held that the federal statute quoted, supra, is controlling as against the conflicting state statute regarding the limitations mentioned. In re Fulsom's Estate, 141 Okla. 300, 285 P. 13. This court has also heretofore held that county courts have jurisdiction to determine the heirs of any deceased citizen allottee of the Five Civilized Tribes leaving restricted heirs, although such Indian citizen allottee might also leave heirs who are unrestricted. Washington v. Stover, 169 Okla. 143, 36 P. 2d 469.

In view of the facts heretofore stated, and these authorities, it follows that the procedure in determining heirs of Duffey Morrison, deceased, is governed by the provisions of the act of Congress quoted supra, and that any action brought by a person served by publication thereunder must be within a period of six months from the date of the final order therein, or the same will be barred.

It therefore becomes necessary for us to determine whether the statute of limitations began with the decree of the county court, the decree of the district court, or the date of entering the mandate of this court in the case of In re Morrison's Estate, 181 Okla. 380, 74 P. 2d 1161.

Appellant relies upon the case of In re Noel's Heirship, 156 Okla. 177, 10 P. 2d 259, in support of his contention that the judgment of the district court was not a final order within the meaning of the term as used in the above-quoted federal statute. With regard to a proceeding under said statute it was said:

"The question there submitted was not whether Wilson Frazier was an heir, but was 'Who are the heirs of Rena Noel, deceased?' A district court may determine the heirs to be those that were determined to be the heirs by the county court, or it may determine them to be different from that determined by the county court. If a district court determines the heirs to be

the same as determined by the county court, the one who appealed from the order of the county court to the district court may appeal from the order of the district court to the Supreme Court. If a district court determines the heirs to be different from that determined by the county court, one who did not appeal from the order of the county court to the district court may appeal from the order of the district court to the Supreme Court. A final order, as used in the statute, refers to an order that is final by reason of no appeal having been taken therefrom and by reason of the expiration of the time for taking an appeal therefrom. Until the expiration of the time for taking an appeal from an order determining heirship, an order determining heirship is not a final order within the meaning of the statute."

It is urged by respondent that, insofar as reference to the finality of an order of the district court is concerned, the language of the court is dictum, and that the rule announced is not applicable here for the reason that appellant was not a party to the former appeal to this court and that the judgment in that case was not superseded, and therefore became final notwithstanding the appeal to this court.

The procedure for determination of heirship authorized by the act of Congress is a special proceeding as distinguished from a civil action. The power delegated to the state courts is limited to the ascertainment and determination of the single fact, that is, who were the heirs of deceased? The power of the court to distribute property under its control and to determine heirship as an incident thereto, is, in theory, jurisdiction in rem over the property to be distributed. Hardridge v. Hardridge, 168 Okla. 7, 31 P. 2d 597. The purpose of the statute is to provide a tribunal which could determine the question of heirship as against persons not parties—that is, against the entire world. McDougal v. Black Panther Oil & Gas Co. (C. C. A. Okla.) 273 Fed. 113.

In view of the special and limited jurisdiction of the courts, when proceeding under the above-quoted federal statute, and the nature of the powers granted, it is apparent that the authorities cited, which relate to ordinary civil actions, are not applicable. The discharge of the functions imposed upon our courts by the act of Congress requires a determination, first, by the county court, as to the heirship of the deceased. If the cause is appealed to the district court, that court is also charged with the duty of making its determination, and upon appeal to this court the same issue of fact is likewise submitted upon the recorded evidence, and this court must likewise make its determination as to said heirship, in which event there is no final order until the district court remands the cause to the county court pursuant to the mandate of this court. Within six months from that date, a claimant served by publication may appear and move to be heard.

Even though the exact question here presented was not before the court in the case of In re Noel's Heirship, supra, the law is correctly stated in that opinion with reference to the finality of an order entered in the special proceeding authorized by the act of Congress. It therefore follows that the trial court erred in dismissing appellant's petition for the reason that the same was not filed within the time provided by law.

Appellees challenge the sufficiency of appellant's petition in intervention and contend that they were not properly notified of its filing. These contentions have been examined and are without substantial merit.

The judgment of the trial court is reversed and the cause remanded, with directions to proceed in accordance with the views herein expressed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, CORN, HURST, DAVISON, and DANNER, JJ., concur. GIBSON, J., absent.