**In re Thomas Lars PIERCE, f/d/b/a Farmer, Debtor.**

**Bankruptcy No. 485–00027.**

United States Bankruptcy Court, D. South Dakota.

July 15, 1985.

Patrick T. Dougherty, Dougherty & Dougherty, Sioux Falls, S.D., for debtor.

James A. Craig, Craig, Harris & Nichols, Sioux Falls, S.D., for trustee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

This case came before the Court on May 30, 1985, on the trustee's objection to claimed exempt property. The Court heard and considered the evidence presented at the hearing and the arguments of counsel and has entered separate findings and an order consistent with the following memorandum decision.

On January 18, 1985, the debtor filed for relief under 11 U.S.C. Chapter 7. On the petition date, the debtor claimed a homestead equity in real property commonly described as 520 Samara Avenue, Volga, South Dakota. At the same time, the debtor claimed a homestead exemption in $15,-005.00 of contract for deed proceeds due him from Barry and Deborah Conatser. The contract for deed, dated April 18, 1984, is for the sale of approximately seven acres, which was the debtor's former farm homestead, and calls for monthly payments until June 1, 1998.

The closing of the sale of the debtor's former homestead took place on April 30, 1984. The seller's settlement statements detail that the debtor received a sale price of $60,000.00 and that, after expenses, the debtor was to receive a total of $38,496.92. Of these net proceeds, $15,400.00 was to be received by the debtor on the contract for deed and $23,096.92 was paid to the debtor in cash at the time of the closing on April 30, 1984. The cash was used to pay debts and invested in the debtor's new homestead at 520 Samara Avenue in Volga, South Dakota, in which the debtor now claims a homestead exemption for his equity in the property in the amount of $10,602.00.

The question presented to the Court is whether the debtor's homestead exemption should be determined at the time of the filing of the bankruptcy petition, January 18, 1985, or at the time of the sale and transfer of the original homestead property in April of 1984.

After careful consideration of all the files and evidence, arguments of counsel, and the relevant statutes and case law, this Court holds that the debtor's homestead exemption should be determined at the time of the filing of the bankruptcy petition and not at the time of the original homestead sale.

The relevant portions of S.D.C.L. § 43–45–3 provide that a homestead:

(1) As defined and limited in chapter 43–31, is absolutely exempt; or

(2) In the event such homestead is sold under the provisions of chapter 21–19, or is sold by the owner voluntarily, the proceeds of such sale, not exceeding the sum of thirty thousand dollars, is absolutely exempt for a period of one year after the receipt of such proceeds by the owner.

The debtor's new homestead at 520 Samara Avenue in Volga, South Dakota, has all the characteristics of a homestead as defined and limited in S.D.C.L. Chapter 43–31. The trustee agrees that the debtor's equity in this property in the amount of $10,602.00 is a validly claimed exemption but disputes the $15,005.00 due on the contract for deed on the filing date of the bankruptcy petition. Although there is little case law in South Dakota on homestead

exemptions, the debtor, in support of his position, points to the language used by the South Dakota Supreme Court in explaining the purpose of the homestead exemption as far back as 1898 in *Morgan v. Beuthein,* 10 S.D. 650, 75 N.W. 204 (1898):

> The manifest object and purpose of the homestead law and its exemption from forced sale is to secure to the family of an improvident debtor a home, and to secure to such debtor and his family, not only the homestead, but the proceeds of the sale of such homestead, for reinvestment in another, as the business and circumstances of the debtor may require.

*Id.* at 204.

The emphasis on the circumstances of the debtor is the key here. It is consistent with the whole purpose behind giving a debtor exemptions under state law and very much in keeping with the fresh start philosophy of the Bankruptcy Code. In this case, the debtor sold his homestead voluntarily on a contract for deed. This method of financing real estate sales is encouraged by state law and remains one of the few alternatives to the use of traditional lending institutions. This Court will not discourage its use. In addition, S.D. C.L. § 43–45–3(2) clearly contemplates payment over a period of time by making the proceeds exempt, not for a year after the sale, but, for a year after they are received.

Therefore, the debtor's claim of exemptions on the date the petition was filed did not exceed the sum of $30,000.00, as allowed by S.D.C.L. § 43–45–3(2), and the proceeds of the contract for deed yet to be paid at the time the petition was filed were properly includable by the debtor as part of his homestead exemption. The trustee's objection is overruled.